UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CORRAL MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2398** |
| **AXIS SURPLUS INSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] by plaintiff Louisiana Corral Management, LLC ("LCM") to extend the deadlines for expert reports and disclosures in this matter. Defendant Axis Surplus Insurance Company ("Axis") opposes[2] the motion. For the reasons below, the Court denies the motion.

### I. BACKGROUND

This is an insurance dispute. LCM operates a Golden Corral restaurant in Houma, Louisiana, which was damaged during Hurricane Ida in August 2021.[3] Axis insured the property.[4] LCM claims that Axis breached the insurance contract between the parties by underpaying LCM's claim and violated Louisiana law by failing to pay the claim within the applicable statutory timeline.[5]

The Court's scheduling order in this matter stated that all discovery was to be completed by December 16, 2022.[6] It further provided that plaintiff's expert reports

---

[1] R. Doc. No. 26.
[2] R. Doc. No. 32.
[3] R. Doc. No. 1, ¶ 8.
[4] *Id.* ¶ 3.
[5] *Id.* ¶¶ 25–37.
[6] R. Doc. No. 13, at 2.

1

and disclosures were due November 2, 2022, and defendant's expert reports and disclosures were due on December 2, 2022.[7] On November 23, 2022 the parties filed a joint motion to extend the discovery deadline to January 13, 2023, in order to accommodate certain depositions that could not be scheduled within the original discovery period.[8] The Court granted that motion, stating that the extension would "not serve as a basis for continuing the dispositive motions deadline, pretrial conference, or trial."[9]

Also on November 23, 2022, LCM filed the instant motion to extend the expert report deadlines. This motion was filed as opposed and dated for submission on December 14, 2022. LCM seeks to extend its own expert deadline from November 2, 2022, to December 15, 2022; and to extend Axis' expert deadline from December 2, 2022, to December 30, 2022, though Axis timely provided its expert reports in accord with the original deadline.[10]

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) governs requests to modify a scheduling order. That Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." *Ratliff v. Marquette Transp. Co. Gulf-Inland, LLC*, No. 19-11299, 2021 WL 4270028, at *2 (E.D. La. June 8, 2021) (Ashe, J.) (quotations and

---

[7] *Id.*
[8] R. Doc. No. 25-1.
[9] R. Doc. No. 26.
[10] R. Doc. No. 32.

citations omitted). A district court's discretion when ruling on a motion to extend deadlines is "exceedingly wide." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010) (quotation and citation omitted).

Courts in the Fifth Circuit use a four-factor analysis to determine whether a party requesting an extension of expert report deadlines has established good cause, considering: "(1) the explanation for the failure to [timely] identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Considering the first factor, LCM states that "as a result of the failed mediations in this matter, Plaintiff is gathering all necessary documents to retain an expert economist and present a jury with a true evaluation of damages."[11] It argues that because the restaurant has reopened and "revenue far exceeds prior years . . . an expert has become necessary to better quantify the business interruption claim under [the Louisiana bad faith statute]."[12] It does not explain, however, why it did not retain an expert and provide the necessary reports within the scheduling order's timeline, nor why the need for an expert was recognized only after "failed mediations." Moreover, it does not explain why it waited to file the instant motion until several weeks after its expert report deadline had passed. *Taylor v. Denka Performance Elastomer LLC*, No. 17-7668, 2018 WL 339109, at *3 (E.D. La. Jan. 9, 2018) (Feldman,

---

[11] R. Doc. No. 26-1, at 2.
[12] *Id.*

J.) ("[C]ourts view good cause narrowly when the deadline [sought to be extended] has passed."). Therefore, the first factor weighs against granting an extension.

Second, LCM suggests that an expert is important to establish the loss of revenue attributable to Axis' allegedly late payment of the claim. It further states that "not allowing both parties to procure experts and exchange reports may impede the ability of the parties to come to resolution on this matter."[13] Axis does not factually dispute the importance of such expert testimony, and the Court recognizes that establishing the extent of financial damage is important to LCM's claims. This factor therefore weighs in favor of granting the motion.

Third, LCM states that the requested extensions "should not prejudice any of the parties . . . nor run afoul of [the Court's] efficient docket."[14] Axis, however, points out that LCM's proposed extensions would provide Axis with only two weeks to respond to LCM's expert reports.[15] Further, Axis points out that, should the proposed extensions be granted, "[p]laintiff's experts would have the benefit of [d]efendant's expert reports prior to generating their own reports," since Axis timely produced expert reports in accord with the scheduling order.[16] This is contrary to the intent of the original scheduling order, which required that LCM provide their expert reports before Axis. *See Buchanan v. Gulfport Police Dept.*, No. 08-1299, 2011 WL 6326241, at *3 (S.D. Miss. Dec. 16, 2011) (determining that a similar proposal would prejudice defendants).

---

[13] *Id.*
[14] *Id.*
[15] R. Doc. No. 32, at 6.
[16] *Id.* at 7.

4

Moreover, as has been repeatedly noted, this Court is not inclined to extend the deadline for dispositive motions and motions *in limine* regarding expert witnesses.[17] Those motions must be filed in sufficient time to permit hearing thereon no later than January 11, 2023.[18] Plaintiff's proposed extensions would significantly shorten the amount of time in which both sides could draft and file any motions *in limine* to exclude expert witnesses, as well as dispositive motions related to those witnesses' testimony. The Court finds that the proposed extensions would prejudice defendant, and this factor weighs against an extension.

Finally, the Court considers whether any prejudice caused by the proposed extension could be cured by a continuance. As noted above, the proposed extensions could interfere with the parties' abilities to file motions *in limine* and dispositive motions. A continuance would "result[ ] in additional delay and increased expense of defending the lawsuit" and "would not deter future dilatory behavior." *Geiserman*, 893 F.2d at 792. Therefore, the Court determines that a continuance is not warranted.

Three of the four factors weigh against granting LCM's motion to extend the deadlines for expert witnesses. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

---

[17] R. Doc. 13 (scheduling order); R. Doc. 21 ("The motion deadline date set forth in this Court's previously issued scheduling order shall, notwithstanding [a conference regarding the filing of motions for summary judgment], remain intact."); R. Doc. 27 (noting that the granting of the parties' joint motion to extend the discovery deadline "shall not serve as a basis for continuing the dispositive motions deadline, pretrial conference, or trial.").

[18] R. Doc. No. 13, at 1.

New Orleans, Louisiana, December 15, 2022.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

6