UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA CORRAL MANAGEMENT, LLC | * | CIVIL ACTION |
| | * | NO. 22-2398 |
| VERSUS | | |
| | * | SECTION "I" (2) |
| AXIS SURPLUS INSURANCE COMPANY | * | |

## ORDER AND REASONS

Before me on an expedited basis is a Motion to Quash Subpoenas filed by Defendant Axis Surplus Insurance Company. ECF No. 38. Plaintiff Louisiana Corral Management, LLC timely filed an Opposition Memorandum. ECF No. 46. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Defendant Axis Surplus Insurance Company's Motion to Quash is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

### I.   BACKGROUND

Plaintiff Louisiana Corral Management, LLC, the operator of a Golden Corral franchise in Houma, Louisiana, filed suit against its insurer Axis Surplus Insurance Company alleging breach of contract and statutory violations, seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees. ECF No. 1. Plaintiff alleges that, after it provided satisfactory proof of loss, Axis sent an inspector to the property but did not provide a repair estimate. *Id.* ¶¶11-12. Plaintiff incurred $397,012.94 for water mitigation, cleaning and demolition, and received estimates of $1,215,437.83 for hurricane repairs, $436,778.79 for replacement equipment, $46,050 for roof repair and temporary coverings, $21,384 for flat roof repair, $28,504.72 for security camera replacement, and $1,000 for furniture assembly costs. *Id.*

1

¶¶ 13-17, 21-23.  Plaintiff alleges that, on April 12, 2022, Axis tendered an untimely and grossly inadequate first payment of $409,383.10.  *Id.* ¶ 20.

During discovery, Plaintiff issued Rule 45 subpoenas duces tecum to Axis' third-party administrator NARS, its field adjuster Provencher, and its expert building consultant J.S. Held.  ECF No. 38-1 at 1; *see also* Nos. 38-2, 38-3, 38-4.  Axis contends that the Subpoenas must be quashed as they do not allow a reasonable time for compliance as they were provided to counsel on January 3, 2022, with a return date of January 13, 2022, but had not been served by the January 5th filing of its Motion to Quash.  ECF No. 38-1 at 5-6.  It also contends that the Subpoenas are overbroad because they seek blanket production of the attorney's and insurer's claim file rather than specific documents within the claims file, hence, it argues, the subpoena also seeks both ordinary and mental impression work product.  *Id.* at 6-8.  Axis further contends that the subpoenas to both Provencher and Held seek attorney-client communications and work product.  *Id.* at 8-11.

In Opposition, Plaintiff argues that Axis lacks standing to seek quash the subpoenas directed to third parties and has failed to establish that any information sought is either protected by the attorney-client privilege or work product doctrine.  ECF No. 46 at 3-5.  It asks for *in camera* review of documents withheld on the basis of privilege.  *Id.* at 5.  Plaintiff concedes that the subpoena imposes a "time crunch,' but blames same on defense counsel's unavailability for deposition during November and December.  *Id.* at 5-6.

## II. APPLICABLE LAW

### A. Scope of Discovery

Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

2

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[1]

### 1. The Attorney-Client Privilege

The attorney-client privilege is the oldest of the privileges for confidential communications.[2] The purpose of the attorney-client privilege is well-established: to encourage candid communications between client and counsel.[3] The applicability of the attorney-client privilege "is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents."[4] Not all communications between a client and his or her attorney are protected by the attorney-client privilege.[5]

While the attorney-client privilege extends to all situations in which counsel is sought on a legal matter, it protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[6] The attorney-client privilege therefore does not

---

[1] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[2] *Hodges, Grant & Kaufmann v. U.S. Gov't, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985) (citation omitted).
[3] *Upjohn Co. v. United States*, 449 U.S. 383, 389–91 (1981).
[4] *Hodges,* 768 F.2d at 721 (citation omitted).
[5] *United States v. Pipkins*, 528 F.2d 559, 562–63 (5th Cir. 1976) (stating that the attorney-client privilege "is not a broad rule of law which interposes a blanket ban on the testimony of an attorney.").
[6] *Fisher v. United States*, 425 U.S. 391, 403 (1976) (citations omitted).

attach to every communication between a client and counsel, as the privilege "does not embrace everything that arises out of the existence of an attorney-client relationship."[7] "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer."[8] A party invoking the attorney-client privilege bears the burden of demonstrating its applicability and must show: "(1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding."[9]

### 2. The Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. Proc. 26(b)(3). The work product doctrine protects two categories of materials: ordinary work-product and opinion work product.[10]

Ordinary work product is generally immune from discovery unless the party seeking disclosure "has a substantial need for the material in order to prepare for trial and is unable without

---

[7] *Pipkins*, 528 F.2d at 563 (citations omitted).
[8] *United States v. El Paso Co*., 682 F.2d 530, 538 (5th Cir. 1982) (internal quotations and citation omitted); *see also Hodges,* 768 F.2d at 720.
[9] *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (citations omitted) (emphasis in original).
[10] *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981) (holding that the standard applied to attorneys' mental notes on the oral communications with a witness represent mental processes and cannot be disclosed based on a simple showing of substantial need and inability to obtain the equivalent without undue hardship).

undue hardship to obtain the substantial equivalent of the material by other means" or another exception applies (i.e., waiver of immunity or the use of work product by a client to commit a crime or fraud).[11]  Opinion work product, however, is immune from disclosure unless an exception applies or "extraordinary circumstances" warrant disclosure."[12]  A lawyer's analysis and mental processes are thus afforded broader protection than ordinary work product, because an attorney's analysis could be replicated by opposing counsel and is usually inadmissible in evidence at trial.[13] Underlying factual information, on the other hand, that relates directly to disputed issues is usually discoverable in forms that do not reveal the lawyer's analysis and strategy.[14]

The Fifth Circuit has described the standard for determining whether a document has been prepared in anticipation of litigation as follows:

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine.  We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[15]

 "In the realm of insurance claims and litigation, the analysis of whether documents were prepared in anticipation of litigation becomes more complicated.  This is primarily because insurance companies are in the business of conducting, investigating and evaluating claims against its policies."[16]

In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so

---

[11] Restatement (Third) of The Law Governing Lawyers § 88 (Am. Law. Inst. 2000).
[12] *Id*. at § 89.
[13] *Id*. at § 87 cmt. b.
[14] *Id*.
[15] *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit A 1981) (citations omitted); *accord In re Kaiser Aluminum & Chem. Co*., 214 F.3d 586, 593 (5th Cir. 2000) (citation omitted).
[16] *Kansas City S. Ry. Co. v. Nichols Constr. Co., L.L.C.*, No. 05-1182, 2007 WL 2127820, at *3 (E.D. La. July 25, 2007) (citing *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825, at *2 (E.D. La. 2000)).

than the timing of production of that document."[17]  This requires a determination, based upon evidence and not mere argument, that the principal factor motivating the creation of the document was anticipation of litigation or preparation for trial, as opposed to ordinary business practice.  To carry its burden to establish work product protection, Defendant

> must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.[18]

Mere proximity in time between the subject incident, the taking of the statement and the commencement of litigation – while a factor to be considered – is not alone determinative. On one hand, the work product "privilege can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[19]  On the other hand, "[t]he mere fact that a document is prepared when litigation is foreseeable does not mean the document was prepared in anticipation of litigation . . . ."[20]  Even "[e]stablishing that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation. . . . What is crucial is that 'the primary motivating purpose behind the creation of the document was to aid in possible future

---

[17] *Houston Cas. Co. v. Supreme Towing Co., Inc.*, No. 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (citation omitted).
[18] Paul R. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Coop. 1993) (emphasis added).
[19] *Udoewa v. Plus4 Credit Union*, 457 F. App'x 391, 393 (5th Cir. 2012) (citing *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000)) (internal quotation omitted) (emphasis added).
[20] *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 19 F.3d 1432, 1994 WL 58999, at *3 (6th Cir. 1994) (citing *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992)).

litigation.'"[21] In addition, "[t]he law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'"[22] "If the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[23]

When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work product protection, proving both substantial need for and undue hardship in obtaining ordinary work product materials, or otherwise.[24] If the movant makes a particularized showing that a witness cannot recall the event in question or is unavailable, this may constitute undue hardship sufficient to require disclosure of ordinary work product.[25]

### 3. Motion to Quash

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. A non-party served with a subpoena duces tecum may object by sending written objections to the issuing party within 14 days of service or before the return date, whichever is

---

[21] *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003) (quoting *In re Kaiser Alum.*, 214 F.3d at 593) (emphasis added), *rev'd on other grounds*, 2003 WL 21911333 (5th Cir. July 25, 2003); *accord Global Oil Tools, Inc. v. Barnhill*, No. 12-1507, 2013 WL 1344622, at *6 (E.D. La. Apr. 3, 2013); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997).
[22] *Guzzino*, 174 F.R.D. at 62 (quoting *United States v. El Paso Co.*, 682 F.3d at 542); *accord* 8 C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2024, at 503 (3d ed. 2010); *see also Hill Tower, Inc. v. Dep't of Navy*, 718 F. Supp. 562, 566 (N.D. Tx. 1988) ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citations omitted).
[23] *Global Oil Tools*, 2013 WL 1344622, at *6 (citing *S. Scrap Mat'l Co. v. Fleming*, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003) (emphasis omitted); *Piatkowski*, 2000 WL 1145825, at *2).
[24] FED. R. CIV. P. 26(b)(3); *Hodges*, 768 F.2d at 721 (citations omitted); *In re Int'l Sys. & Controls Corp. Secs. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)); *In re Blessey Enters., Inc.*, No. 08-235, 2009 WL 5915367 at *1 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (M.D. La. Feb. 19, 2010).
[25] *In re Int'l Sys.*, 693 F.2d at 1240 (citation omitted).

earlier. FED. R. CIV. P. 45(d)(2)(B). If the non-party timely provides written objections, it has satisfied its obligations. The serving party may then file a Motion to Compel seeking compliance. FED. R. CIV. P. 45(d)(2)(B)(i).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[26] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[27] A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[28]

The person filing the motion to quash bears the burden of proof to demonstrate that compliance would impose undue burden or expense.[29] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[30] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[31] "Further, if the person

---

[26] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd,* 209 F.3d 719 (5th Cir. 2000).
[27] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).
[28] FED. R. CIV. P. 45(d)(3).
[29] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[30] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[31] *Id.* (citation omitted).

to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[32] Modification of a subpoena is preferable to quashing it.[33]

### 4. Standing

Absent possession of the documents at issue or a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party.[34] A party generally "cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[35]

Rather, Rule 45 provides specific protections to non-parties that may only be enforced through objections by the non-party or a motion to quash a subpoena: "Either in lieu of or in addition to serving objections on the party seeking discovery, a person [served with a subpoena] can 'timely' file a motion to quash or modify the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)." FED. R. CIV. P. 45(d). With regard to a motion to quash, Rule 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or

---

[32] *Id.* (citation omitted).
[33] *Id.*; *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .") (citation omitted).
[34] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citations omitted).
[35] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[36]  Courts generally hold that "any timeframe less than 14 days is likely unreasonable."[37]

Although a party does not have standing under Rule 45 to raise certain challenges,[38] a party does have standing to challenge relevance under Rule 26(c).[39]  A party may not, however, use a motion for Rule 26(c)(1) protective order to enforce, on a non-party's behalf, Rule 45(c)'s geographical limits or compliance time requirements.  These non-party-specific protections go beyond and are separate from the scope of discovery issue that fall within the parameters of a Rule 26(c)(1) protective order.[40]

A Rule 26 protective order may issue to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" only upon a showing of "good cause." FED. R. CIV. P. 26(c)(1).  "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[41]  The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[42]

---

[36] FED. R. CIV. P. 45(d)(3)(A); *see also MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018).
[37] *Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015) (citing *Hall v. Louisiana*, No. 12–657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014) (quashing subpoenas that provided 12 and 9 days' notice); *Thomas v. IEM, Inc.*, No. 06–886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (stating that subpoenas would be quashed where they only allowed 9 business days to respond and produce documents).
[38] *Bounds*, 314 F.R.D. at 218 ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *Black,* 2018 WL 488991, at *2 (same) (citation omitted); *see also Brown*, 595 F.2d at 967 (same) (citations omitted).
[39] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).
[40] *See Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 19-2025, 2022 WL 1624785, at *1–2 (N.D. Tex. May 23, 2022) (citations omitted).
[41] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted).
[42] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[43]

### III. ANALYSIS

Plaintiff's subpoenas provide less than 14 days' notice for compliance and thus fail to provide sufficient time for compliance. Axis, however, lacks standing to raise that objection on behalf of the subpoenaed parties. That objection may only be raised by the subpoenaed party, either through written objections delivered to the issuing party under Rule 45(d)(2)(B) or a motion to quash under Rule 45(d)(3)(A). Accordingly, Axis' motion to quash on the basis of insufficient time for compliance must be denied without prejudice to the subpoenaed parties' rights to seek relief on that basis.

Axis has also argued that it has a personal interest and privilege in certain information sought from its third-party administrator, field adjuster and expert. To the extent that Axis has a personal interest in, or the information sought falls within the attorney-client privilege or work product protections, Axis would have standing to seek relief on behalf of the subpoenaed parties. That said, however, Axis has failed to make the required "particular and specific demonstration of fact" (as distinguished from stereotyped and conclusory statements) necessary to establish the existence of any attorney-client privilege communications or documents protected by the work product doctrine. Assuming Axis makes the required showing of privilege or work product protection with regard to particular documents as identified on a proper privilege log, then the subpoena must be modified to preclude disclosure of such privileged or protected communications.

---

[43] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

## IV. CONCLUSION

Axis lacks standing to object on behalf of the non-parties based on insufficient compliance time. Axis does, however, have standing to object based on its personal interest in documents protected by attorney-client privilege and/or work product. Not every communication with counsel, however, falls within the attorney-client privilege, nor is every document created after litigation is anticipated protected by the work-product doctrine, particularly when prepared in the ordinary course of business. Although Axis has failed to provide the required affidavit or other evidence necessary to establish work product protection in this motion, Axis will be allowed to review the subpoenaed materials and provide a proper privilege log with regard to any document withheld on the basis of privilege or work product.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Quash based on insufficient compliance time is DENIED, without prejudice to the non-parties' rights to seek appropriate relief under Rule 45.

IT IS FURTHER ORDERED that that the Motion to Quash based on attorney-client privilege and/or work product is GRANTED IN PART AND DENIED IN PART. The subpoenas are modified to exclude documents covered by privilege or work product, provided Axis delivers a privilege log specifically identifying each and every document withheld on the basis of same prior to the non-party's production in compliance with the subpoena duces tecum.

New Orleans, Louisiana, this __11th__ day of January, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE