**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | **CIVIL ACTION NO. 22-2398** |
| **LOUISIANA CORRAL MANAGEMENT, LLC,** | * | |
| **Plaintiff** | * | **SECTION I** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **AXIS SURPLUS INSURANCE COMPANY** | * | **MAGISTRATE CURRAULT** |
| **Defendant.** | * | |
| | * | **A JURY IS DEMANDED** |

*** * * * * * * * * * * * * * * * * * * * * * ***

**MOTION TO QUASH SUBPOENA DUCES TECUM AND REQUEST FOR EXPEDITED HEARING**

**NOW INTO COURT**, through undersigned counsel come nonparties, Provencher & Company, LLC, North American Risk Services, Inc., and J.S. Held, LLC, and Defendant, AXIS Surplus Insurance Company, who jointly move this Honorable Court for an order quashing the Subpoenas Duces Tecum issued to these non-parties as the Subpoenas Duces Tecum are untimely and not properly served.

**WHEREFORE,** nonparties, Provencher & Company, LLC, North American Risk Services, Inc., and J.S. Held, LLC, and Defendant, AXIS Surplus Insurance Company, pray this Honorable Court grant the motion to quash the Subpoenas Duces Tecum served by Plaintiffs on these nonparties. Furthermore, given discovery in this matter closes on January 13, 2023, and as the production is ordered for January 13, 2023 and January 30, 2023, movers pray that this Honorable Court set this matter for expedited hearing.

Respectfully submitted,

PERRIER & LACOSTE, L.L.C.

/s/ *Nathan M. Gaudet*

**GUY D. PERRIER (#20323)**
**NATHAN M. GAUDET (#30514)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8820
Facsimile: (504) 212-7285
Email: gperrier@perrierlacoste.com
Email: ngaudet@perrierlacoste.com

**/s/ _E. Madison Barton**

**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**SARA L. BRASLOW (Bar No. 38815)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: 504 324-6493
Facsimile: 504-324-6626
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, facsimile transmission, ECF system, or electronic mail, on this 13th day of January, 2023, at their last known address of record.

/s/ *Nathan M. Gaudet*

____________________________________

Nathan M. Gaudet

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | **CIVIL ACTION NO. 22-2398** |
| **LOUISIANA CORRAL MANAGEMENT, LLC,** | * | |
| **Plaintiff** | * | **SECTION "I"(2)** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **AXIS SURPLUS INSURANCE COMPANY** | * | **MAGISTRATE CURRAULT** |
| **Defendant.** | * | |
| | * | **A JURY IS DEMANDED** |

*** * * * * * * * * * * * * * * * * * * * * * ***

**NOTICE OF SUBMISSION**

**PLEASE TAKE NOTICE** that Defendant, AXIS Surplus Insurance Company's Motion to Compel has been set for submission on the 1st day of February, 2023 at 11:00 a.m. before the Honorable Donna Phillips Currault, United States District Court, Eastern District of Louisiana, 500 Poydras Street, Courtroom B421, New Orleans, Louisiana 70130.

Respectfully submitted,

PERRIER & LACOSTE, L.L.C.

/s/ *Nathan M. Gaudet*

**GUY D. PERRIER (#20323)**
**NATHAN M. GAUDET (#30514)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8820
Facsimile: (504) 212-7285
Email: gperrier@perrierlacoste.com
Email: ngaudet@perrierlacoste.com

**/s/ E. Madison Barton**

**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**

**SARA L. BRASLOW (Bar No. 38815)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: 504 324-6493
Facsimile: 504-324-6626
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, facsimile transmission, ECF system, or electronic mail, on this 12th day of January, 2023, at their last known address of record.

/s/ *Nathan M. Gaudet*

Nathan M. Gaudet

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | **CIVIL ACTION NO. 22-2398** |
| **LOUISIANA CORRAL MANAGEMENT, LLC,** | * | |
| **Plaintiff** | * | **SECTION "I"(2)** |
| | * | |
| **VERSUS** | * | **JUDGE AFRICK** |
| | * | |
| **AXIS SURPLUS INSURANCE COMPANY** | * | **MAGISTRATE CURRAULT** |
| **Defendant.** | * | |
| | * | **A JURY IS DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO QUASH SUBPOENAS DUCES TECUM AND REQUEST FOR EXPEDITED HEARING**

**NOW INTO COURT**, through undersigned counsel come nonparties, Provencher & Company, LLC ("Provencher"), North American Risk Services, Inc. ("NARS"), and J.S. Held, LLC ("J.S. Held"), and Defendant, AXIS Surplus Insurance Company ("AXIS"), who respectfully submit the following Memorandum in Support of their Joint Motion to Quash the Subpoenas Duces Tecum issued to NARS, J.S. Held, and Provencher (collectively referred to as "nonparties").

## I. BACKGROUND

This matter arises out of an insurance dispute regarding property damage to the insured's restaurant as a result of Hurricane Ida.[1] Plaintiff, Louisiana Corral Management, LLC, contends AXIS has underpaid for the damages allegedly sustained.[2] This matter currently has a discovery deadline of January 13, 2023, pursuant to the scheduling order.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 13.

**A. Dates of Issuance for Subpoenas**

On January 3, 2023, Plaintiff issued three subpoenas—one to each of the nonparties.[4] Each of the subpoenas sets a return date for document production on January 13, 2023—ten days after the date the subpoenas were signed by Plaintiff.[5] On January 11, 2023, Plaintiff issued a second subpoena to J.S. Held, setting a return date of January 30, 2023.[6]

**B. Plaintiff's Service of Subpoenas**

The NARS subpoena was issued to Post Office Box Altamonte Springs, Florida.[7] Both J.S. Held subpoenas were issued to 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida.[8] The Provencher subpoena was issued to 1000 C.M. Fagan Drive, Suite F, Hammond, Louisiana.[9] Notably, none of the subpoenas were issued to the agents of the nonparties.[10]

As further discussed below, all subpoenas must be quashed as they fail to allow a reasonable time to comply or set a return date beyond the discovery deadline. Moreover, the subpoenas are being served improperly in accordance with the Rules and jurisprudence of this Court.

## II. LAW AND ARGUMENT

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.[11] Here, the subpoenas must be quashed as (1) the January 3, 2023 subpoenas are

---

[4] Exhibit A, Plaintiff's Subpoena Duces Tecum to NARS; Exhibit B, Plaintiff's Subpoena Duces Tecum to JS Held; Exhibit C, Plaintiff's Subpoena Duces Tecum to Provencher.
[5] Exhibit A, Plaintiff's Subpoena Duces Tecum to NARS; Exhibit B, Plaintiff's Subpoena Duces Tecum to JS Held; Exhibit C, Plaintiff's Subpoena Duces Tecum to Provencher.
[6] Exhibit D, Plaintiff's second Subpoena Duces Tecum to JS Held.
[7] Exhibit A, Plaintiff's Subpoena Duces Tecum to NARS.
[8] Exhibit B, Plaintiff's Subpoena Duces Tecum to JS Held.
[9] Exhibit C, Plaintiff's Subpoena Duces Tecum to Provencher.
[10] Exhibit E, Secretary of State Filings *in globo* providing Registered Agents for NARS, J.S. Held, and Provencher.
[11] *Howard v. Seadrill Americas, Inc.*, 2016 WL 7012275, at *1 (E.D. La. Dec. 1, 2016); *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *5-6 (E.D. La. 2021) (Currault, J.).

untimely and fail to allow a reasonable time to comply; (2) the January 11, 2023 subpoena is untimely as it sets a return date beyond the discovery deadline; and (3) service for all of the subpoenas is improper.

**A. The January 3, 2023 subpoenas fail to allow a reasonable time to comply.**

Rules 45 and 26 of the Federal Rules of Civil Procedure authorize a court to modify or quash a subpoena.[12] A subpoena must give a prospective deponent reasonable notice.[13] In fact, this Court has specifically held and observed that "a court **must quash** or modify a subpoena when it 'fails to allow a reasonable time to comply.'"[14] As the Court has stated, "**any timeframe less than 14 days is likely unreasonable**."[15]

In *Great Lakes Insurance, S.E. v. Gray Group Investments, LLC*, this Court determined a subpoena duces tecum directed to a non-party must be quashed, in part because it failed to provide a reasonable time to respond.[16] The subpoena did not allow for reasonable time for compliance where the production was demanded within 8 working days (or 12 total days) of service of the subpoena on the non-party.[17] Further, this Court noted that given the subpoena had to be quashed because it violated the parameters of Rule 45, it was not necessary to address the scope of the subpoena and/or whether the information sought was cumulative or duplicative.[18]

---

[12] *Howard v. Seadrill Americas, Inc.*, 2016 WL 7012275, at *1 (E.D. La. Dec. 1, 2016); *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *5-6 (E.D. La. 2021) (Currault, J.).

[13] *Howard v. Seadrill Americas, Inc.*, 2016 WL 7012275, at *1 (E.D. La. Dec. 1, 2016); *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *5-6 (E.D. La. 2021) (Currault, J.).

[14] *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *6 (E.D. La. 2021) (Currault, J.) (quoting F.R.C.P. 45(d)(3)(A)) (emphasis added).

[15] *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *6 (E.D. La. 2021) (Currault, J.) (emphasis added); *Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015) (citing *Hall v. Louisiana*, No. 12–657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014)) (quashing subpoenas that provided 12 and 9 days' notice); *Thomas v. IEM, Inc.*, No. 06–886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (stating that subpoenas would be quashed where they only allowed 9 business days to respond and produce documents).

[16] *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *11 (E.D. La. May 21, 2021).

[17] *Great Lakes*, 2021 WL 7708048, at *9.

[18] *Great Lakes*, 2021 WL 7708048, at *11.

Similarly, in *Nugent v. Scott Fetzer Company*, this Court recognized that although a subpoena duces tecum issued to a nonparty provided twenty-six days for compliance, which was not prima facie unreasonable, by the time the subpoena was served, the nonparty was only allotted seven days for compliance.[19] This Court stated, "seven days is simply clearly unreasonable time for compliance."[20]

Here, the January 3, 2023 subpoenas issued to NARS, JS Held, and Provencher must be quashed as they do not allow a reasonable time to comply as required by FRCP Rule 45(d)(3)(A)(i).[21] The subpoenas were provided to counsel for AXIS on January 3, 2023, and instructed the nonparties to produce all requested records by January 13, 2023—only ten days later.[22] Based on the jurisprudence, even considering the time when the subpoenas were issued versus served, said time for compliance is unreasonable as the nonparties are only allowed ten days, at most, to respond.

Further, and as example, NARS received improper service of the subpoena on January 9, 2023, which, even without the issue of improper service, solely leaves **four days** to respond to the subpoena.[23] As addressed above and as this Court has repeatedly held, such short amount of time is clearly unreasonable. Thus, the January 3, 2023 subpoenas should be quashed as they are untimely.

---

[19] *Charles Nugent v. Scott Fetzer Company*, 2020 WL 1322268, at *4 (E.D. La. 3/20/2020).
[20] *Charles Nugent*, 2020 WL 1322268, at *4.
[21] Fed. R. Civ. P. 45(d)(3)(A)(i).
[22] Exhibit A; Exhibit B; Exhibit C.
[23] Exhibit F, Subpoena mailed to NARS, at page 6, reflecting subpoena mailed on January 4, 2023 and delivered to the non-agent on January 9, 2023.

**B. The January 11, 2023 subpoena must be quashed as it is untimely given the subpoena sets a return date beyond the discovery deadline.**

Subpoenas must comply with discovery deadlines to avoid being quashed.[24] As stated by Magistrate Judge Roby:

> [C]ourts have noted that parties should "not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery." *Id.* at § 2452. *See Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. U.S.*, 190 F.R.D 281 (D.C. Mass. 2000) (Rule 45 subpoenas are subject to parameters established by Rule 26). As a result, "subpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan. [T]he subpoena in this case should not have been issued without permission from the court extending the discovery deadline." *Hamilton v. Oschner Health Sys., Inc.*, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (quoting *Williams v. Weems Community Mental Health Center*, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006)).[25]

As addressed above, the discovery deadline in this matter is January 13, 2023.[26] The January 11, 2023 subpoena sets a return date of January 30, 2023.[27] Accordingly, as the January 11, 2023 subpoena seeks discovery outside of deadlines imposed in the scheduling order, it must be quashed given it is "facially in violation of the deadlines set forth by the Court."[28]

---

[24] *Rosciszewski v. Marquette Trans. Co.*, 2018 WL 3475368 (E.D. La. 07/19/2018) (Roby, J.) (citing 9A Fed. Prac. & Proc. Civ. Sec. 2459.
[25] *Rosciszewski v. Marquette Trans. Co.*, 2018 WL 3475368, *1 (E.D. La. 07/19/2018) (Roby, J.)
[26] R. Doc. 13.
[27] Exhibit D.
[28] *Rosciszewski v. Marquette Trans. Co.*, 2018 WL 3475368, *2 (E.D. La. 07/19/2018) (Roby, J.).

**C. The subpoenas must be quashed as they are being issued to non-agents for each entity.**

As this Court has repeatedly stated, when the subpoena is being issued to an entity rather than a natural person, "service must be effected upon the entity's registered agent and not by delivery to the entity's address or mailroom."[29] Here, none of the subpoenas were issued to the agents of the nonparties.[30]

The NARS subpoena was issued to Post Office Box 166002, Altamonte Springs, Florida.[31] However, the NARS agent is identified as the Corporation Service Company at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.[32] In fact, the Post Office Box is not even listed on the Secretary of State filing.[33]

Likewise, both J.S. Held subpoenas were issued to 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida.[34] Yet, the registered agent for J.S. Held is again identified as Corporation Service Company at 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.[35] Further, there is not even a Florida address identified on the Secretary of State filing.[36]

Further, the Provencher subpoena was issued to 1000 C.M. Fagan Drive, Suite F, Hammond, Louisiana.[37] Though this is the correct mailing address for Provencher, its registered

---

[29] *Great Lakes Ins. S.E. v. Gray Group Inv., LLC*, 2021 WL 7708048, *5 (E.D. La. 2021) (Currault, J.); *Reese v. Great W. Cas. Co.*, No. 18-8336, 2019 WL 4930233, at *4 (E.D. La. Oct. 7, 2019) (noting that a corporation must generally be served by personal service on its agent for service of process and finding service on receptionist insufficient); *see also* Fed. R. Civ. P. 4(h).
[30] Exhibit E, Secretary of State Filings *in globo* providing Registered Agents for NARS, J.S. Held, and Provencher.
[31] Exhibit A, Plaintiff's Subpoena Duces Tecum to NARS.
[32] Exhibit E, at p. 1.
[33] Exhibit E, at p. 1-3.
[34] Exhibit B, Plaintiff's Subpoena Duces Tecum to JS Held.
[35] Exhibit E, at p. 4.
[36] Exhibit E, at p. 4-5
[37] Exhibit C, Plaintiff's Subpoena Duces Tecum to Provencher.

office and agent is Registered Agent Solutions, Inc. 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, LA 70816.[38]

Accordingly, none of the subpoenas were issued to the agents of the nonparties as is required by the Rules and this Court's jurisprudence. Thus, the subpoenas should be quashed for improper service.

## III. CONCLUSION

For these reasons, nonparties and Defendant respectfully request this Court quash the January 3, 2023 and January 11, 2023 subpoenas issued to NARS, J.S. Held, and Provencher as they are untimely given they do not allow sufficient time for compliance, seek discovery beyond the deadline, and are not issued with proper service.

**WHEREFORE,** nonparties, Provencher & Company, LLC, North American Risk Services, Inc., and J.S. Held, LLC, and Defendant, AXIS Surplus Insurance Company and Defendant, AXIS Surplus Insurance Company, pray this Honorable Court grant quash the subpoenas duces tecum issued by Plaintiff to the nonparties as untimely and improper service.

[38] Exhibit E, at p. 6.

Respectfully submitted,

PERRIER & LACOSTE, L.L.C.

/s/ *Nathan M. Gaudet*

**GUY D. PERRIER (#20323)**
**NATHAN M. GAUDET (#30514)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Telephone: (504) 212-8820
Facsimile: (504) 212-7285
Email: gperrier@perrierlacoste.com
Email: ngaudet@perrierlacoste.com

**/s/ E. Madison Barton**
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**SARA L. BRASLOW (Bar No. 38815)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: 504 324-6493
Facsimile: 504-324-6626
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, facsimile transmission, ECF system, or electronic mail, on this 12th day of January, 2023, at their last known address of record.

/s/ *Nathan M. Gaudet*

Nathan M. Gaudet