UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CORRAL MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2398** |
| **AXIS SURPLUS INSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion *in limine*[1] by defendant Axis Surplus Insurance Company ("Axis") to exclude expert testimony by Stuart Wood ("Wood"), David Conklin ("Conklin"), Gary Custer ("Custer"), and Danielle Parks ("Parks"). The motion was noticed for submission on January 11, 2023. To date, plaintiff Louisiana Corral Management, LLC ("LCM") has not filed an opposition. For the reasons below, the Court grants the motion.

### I.   FACTUAL BACKGROUND

This is an insurance dispute. Axis insured LCM's Golden Corral restaurant, which was damaged during Hurricane Ida.[2] LCM alleges that Axis has underpaid for that damage.[3]

LCM's witness and exhibit list identified Wood, Conklin, Custer, and Parks as

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 1.
[3] *Id.*

witnesses.[4] Of these four, only Wood was explicitly listed as an expert.[5] Wood apparently had no personal involvement with the events giving rise to the instant action. The remaining three were personally involved in the mitigation of damage at LCM's property.[6]

LCM previously filed a motion for extension of the deadline to provide expert reports and disclosures.[7] Axis opposed the motion.[8] The Court denied the motion, finding that LCM had failed to establish good cause for the proposed extension.[9] According to Axis, LCM was required to provide expert reports and disclosures for the above-referenced witnesses, but it has failed to do so, and their testimony should therefore be excluded.

## II.  STANDARD OF LAW

"[W]here testimony consists of opinions based on scientific, technical, or other specialized knowledge[,] regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation, the testimony is [ ] that of an

---

[4] R. Doc. No. 30
[5] *Id.* at ¶ 6 (describing Wood as "an expert economist that will [be] utilized to assist in calculating the additional business los[s]es that were incurred as a result of Axis' failure to pay this claim timely.").
[6] *Id.* at ¶ 2 (stating that Conklin "is a representative of Coastal Equipment who participated in furnishing replacement equipment for the Golden Corral after Hurricane Ida"), ¶ 3 (describing Parks as "the owner of Cat 5 Pro that completed water mitigation, pack out, and contents related work at the Golden Corral location after Hurricane Ida"), ¶ 5 (describing Custer as "the representative of the White Tree Group who served as the contractor performing rebuilding services at the Golden Corral location at issue in the lawsuit").
[7] R. Doc. No. 26.
[8] R. Doc. No. 32.
[9] R. Doc. No. 35.

expert." *Hooks v. Nationwide Housing Sys., LLC*, No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016) (Barbier, J.) (citation and quotation omitted).

If a witness is "retained or specially employed to provide expert testimony," the witness must provide a written report containing, among other things, their qualifications, the opinions they plan to offer in the matter, and the bases therefore. Fed. R. Civ. P. 26(a)(2)(B). Expert witnesses who are not required to provide a written report must still disclose the subject matter of their testimony and a summary of the facts and opinions they plan to offer. *Id.* 26(a)(2)(C).

Litigants must disclose the identities of expert witnesses and the subject matter of their testimony "at the times and in the sequence that the court orders." *Id.* 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a). . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) implicitly places the burden on the party facing sanctions to prove harmlessness or substantial justification." *Allied Shipyard, Inc. v. Chubb Eur. Grp., SE*, No. 20-640, 2022 WL 1228800, at *2 (E.D. La. Feb. 7, 2022) (Ashe, J.).

"In determining whether a violation of Rule 26 is harmless or substantially justified, a court considers: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'" *Ambrose v. State Farm Mut. Auto. Ins. Co.*, No. 20-1011, 2021 WL 2284299, at *3

(E.D. La. June 4, 2021) (Morgan, J.) (citing *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)). "District courts have considerable discretion to exclude untimely disclosed expert witness testimony as a sanction." *Havard v. Offshore Specialty Fabricators, LLC*, No. 14-824, 2019 WL 8643740, at *2 (E.D. La. May 8, 2019) (Feldman, J.) (citing *Bradley v. United States*, 866 F.2d 120, 124 & n.7 (5th Cir. 1989)).

### III.   ANALYSIS

Axis argues that the testimony of Wood, Conklin, Custer, and Parks should be excluded because LCM did not provide expert reports by the relevant deadline. Axis argues that such reports were required because "these individuals . . . will provide testimony outside the common understanding of the jury."[10] In support of this proposition, it cites a litany of cases holding that expert testimony is generally required to prove medical causation.[11] To the Court's knowledge, there is no issue of medical causation in this matter, so the relevance of these cases is unclear. Axis makes no further argument as to why expert reports were required for the above-referenced witnesses.

Because LCM has not filed any response to Axis' motion, the Court looks to LCM's witness and exhibit list, as well as the attachments to Axis' motion, to evaluate whether expert reports were required for these witnesses.

---

[10] R. Doc. No. 37-1, at 5.
[11] *Id.*

4

As noted above, Wood is explicitly designated as an expert witness, and is to testify regarding "additional business losses" allegedly incurred due to Axis' failure to pay LCM's claim. Because Wood is so designated, the Court agrees that he was required to provide an expert report in accord with Rule 26. LCM has provided no such report, though the deadline to do so has passed.[12] As the proponent of his testimony, LCM bears the burden of showing that the failure to timely provide an expert report was harmless or substantially justified. *Allied Shipyard,* 2022 WL 1228800, at *2. As LCM has filed no response to the instant motion, the Court finds that it has not carried that burden. Therefore, pursuant to Rule 37(c)(1), Wood's expert testimony will be excluded.

As to Conklin, Custer, and Parks, the stated subject matter of their testimony may or may not be within the province of an expert. *Hooks*, 2016 WL 3667134, at *3. The lack of both proper expert reports and an opposition to the motion *in limine* makes it difficult to ascertain the precise subject matter of their proposed testimony. However, if they are offered as experts, the documents that have been submitted to support their testimony are insufficient to satisfy the expert report and disclosure requirements of Rule 26.[13] And, as the deadline for plaintiff's expert reports and

---

[12] R. Doc. No. 13, at 2 (setting deadline for plaintiff's expert reports and disclosures on November 2, 2022).

[13] R. Doc. Nos. 37-2 (Coastal Equipment purchase and sale agreement), 37-3 (CAT5 Pro estimate), 37-3 (White Tree Group proposal estimate). None of these documents contain statements of the subject matter the witnesses are to testify to, the factual bases of those opinions, or the witness' qualifications. Fed. R. Civ. P. 26(a)(2)(B)-(C).

disclosures has passed, any expert testimony by these witnesses will be excluded pursuant to Rule 37(c)(1).

Accordingly,

**IT IS ORDERED** that Axis' motion *in limine* is **GRANTED**. Wood, Conklin, Custer, and Parks will not be allowed to testify as experts at trial.

New Orleans, Louisiana, January 19, 2023.

                                      **LANCE M. AFRICK**
                          **UNITED STATES DISTRICT JUDGE**