UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA CORRAL MANAGEMENT, LLC | * | CIVIL ACTION |
| | * | NO. 22-2398 |
| VERSUS | | |
| | * | SECTION "I" (2) |
| AXIS SURPLUS INSURANCE COMPANY | * | |

## ORDER AND REASONS

Before me on an expedited basis is a Motion to Quash Subpoenas filed by non-parties Provencher & Co., LLC ("Provencher"), North American Risk Services, Inc. ("NARS"), and J.S. Held, LLC ("J.S. Held"), and Defendant Axis Surplus Insurance Company. ECF No. 57. Plaintiff Louisiana Corral Management, LLC timely filed an Opposition Memorandum. ECF No. 62. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel for the parties and non-parties Provencher, NARS, and J.S. Held, and the applicable law, Movants' Motion to Quash is GRANTED for the reasons stated herein.

I.  **BACKGROUND**

Plaintiff Louisiana Corral Management, LLC, the operator of a Golden Corral franchise in Houma, Louisiana, filed suit against its insurer Axis Surplus Insurance Company alleging breach of contract and statutory violations, seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees. ECF No. 1. Plaintiff alleges that, after it provided satisfactory proof of loss, Axis sent an inspector to the property but did not provide a repair estimate. *Id.* ¶¶11-12. Plaintiff incurred $397,012.94 for water mitigation, cleaning and demolition, and received estimates of $1,215,437.83 for hurricane repairs, $436,778.79 for

1

replacement equipment, $46,050 for roof repair and temporary coverings, $21,384 for flat roof repair, $28,504.72 for security camera replacement, and $1,000 for furniture assembly costs.  *Id*. ¶¶ 13-17, 21-23.  Plaintiff alleges that, on April 12, 2022, Axis tendered an untimely and grossly inadequate first payment of $409,383.10.  *Id.* ¶ 20.

During discovery, Plaintiff issued Rule 45 subpoenas duces tecum to Axis' third-party administrator NARS, its field adjuster Provencher, and its expert building consultant J.S. Held.  ECF Nos. 57-2 – 57-5.  Movants contend that the subpoenas must be quashed as they do not allow a reasonable time for compliance, specify return dates after expiration of the discovery deadline, and were not served properly.  ECF No. 57 at 8-12.

In Opposition, Plaintiff argues that the subpoenas provide a reasonable time to respond under the circumstances because the discovery is critical, the documents should have been produced by Axis, and the delays are attributable to Axis' conduct.  ECF No. 62 at 4-9.  Plaintiff does not address the improper service argument, but asserts that the subpoenas "made their way" to the appropriate entities.  *Id.* at 10.  Plaintiff's Opposition does not include returns reflecting the manner of service of the subpoenas.

## II.  **APPLICABLE LAW**

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.  A non-party served with a subpoena duces tecum may object by sending written objections to the issuing party within 14 days of service or before the return date, whichever is earlier.  FED. R. CIV. P. 45(d)(2)(B).  If the non-party timely provides written objections, it has satisfied its obligations.  The serving party may then file a Motion to Compel seeking compliance.  FED. R. CIV. P. 45(d)(2)(B)(i).  Alternatively, the non-party may file a motion to quash.  FED. R. CIV. P. 45(d)(3)(A).

Rule 45 also provides additional protections to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). In that regard, a subpoena must give a prospective deponent reasonable notice, and the court must quash or modify a subpoena when it "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(d)(3)(A). Courts generally hold that "any timeframe less than 14 days is likely unreasonable."[1] Additionally, the subpoena may command production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A).

"[S]ubpoenas are a form of discovery and subject to all of the strictures governing discovery, including the deadlines set in the Case Management Plan."[2] Indeed, parties should "not be able to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery."[3] Thus, a subpoenas duces tecum issued to a third party must comply with discovery deadlines to avoid being quashed.[4]

---

[1] *Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015) (citing *Hall v. Louisiana*, No. 12–657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014) (quashing subpoenas that provided 12 and 9 days' notice); *Thomas v. IEM, Inc*., No. 06–886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (stating that subpoenas would be quashed where they only allowed 9 business days to respond and produce documents).

[2] *Hamilton v. Ochsner Health Sys., Inc*., No. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012) (noting that subpoena served on a party after the discovery deadline should not have been issued without permission from the court extending the discovery deadline) (quoting *Williams v. Weems Cmty. Mental Health Ctr*., No. 04-179, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006)).

[3] *Rosciszewski v. Marquette Transportation Co., LLC*, No. 17-06592, 2018 WL 3475368, at *1 (E.D. La. July 19, 2018) (citing at 9A Fed. Prac. & Proc. Civ. § 2452; *Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 ("[C]ourts have held that Rule 45 subpoenas are subject to the same discovery deadlines and orders as any other type of discovery."); *Abrams v. Ciba Specialty Chemicals Corp*., 265 F.R.D. 585 (S.D. Ala. 2010) (subpoena duces tecum was denied because it would have allowed defendant to circumvent discovery deadline); *Surbella v. Foley*, No. 05-758, 2006 WL 300749 (D.C. Ohio 2006) (A subpoena issued before the close of discovery that scheduled a deposition after the end of the discovery period was not enforced); *Alper v. United States*, 190 F.R.D 281 (D.C. Mass. 2000) (Rule 45 subpoenas are subject to parameters established by Rule 26)).

[4] *Rosciszewski*, 2018 WL 3475368, at *1 (citing 9A Fed. Prac. & Proc. Civ. § 2459); *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *2 (E.D. La. Feb. 2, 2018) (citing *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) ("'parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery'") (quoting 9A C. WRIGHT, A. MILLER, M. KANE, R. MARCUS, A. SPENCER, A. STEINMANN, FEDERAL PRACTICE AND PROCEDURE § 2452 (3d ed. 2018)); *In re Papst Licensing GmbH Patent Litigation*, No. 99–1298, 2001 WL 797315, at *21 (E.D. La. July 12, 2001) (holding that third-party subpoenas duces tecum constitutes discovery and are subject to the same scope and limitations on discovery established in FED.

The Fifth Circuit has held that personal service of a subpoena is required.[5] "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." FED. R. CIV. P. 45(b)(1). When the "named person" being served is an entity rather than a natural person, service must be effected upon the entity's registered agent and not by delivery to the entity's address or mailroom.[6] Proof of service "must be certified by the server." FED. R. CIV. P. 45(b)(4).

### III. ANALYSIS

Plaintiff has failed to supply any proof of service for the subpoenas at issue, let alone proof of personal service on an appropriate agent for service for the non-party entities. The subpoenas attached to Movants' motion reflect that each subpoena was directed to a non-party entity rather than any registered or appropriate agent for service. First, Plaintiff issued its NARS subpoena to "North American Risk Services, P.O. Box 166002, Altamonte Springs, Florida, 32716-6992." ECF No. 57-2 at 1. Plaintiff issued both J.S. Held subpoenas to "J.S. Held, LLC, 4600 Touchton Road East, Building 100, Ste. 150, Jacksonville, Florida 32246." ECF No. 57-3 at 1, 57-5 at 1.

---

R. CIV. P. 26(b)(1) and (2)) (citations omitted); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *3 (E.D. La. Jan. 19, 2018) (stating subpoena duces tecum subject to discovery deadline).

[5] *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena") (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROC. CIV. § 2454 (2d ed. 1995) and cases cited therein) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service."); *see also Accurso v. Cooper Power Sys., Inc.*, No. 06-848, 2008 WL 2510140, at *4–5 (W.D.N.Y. June 19, 2008) (holding that Rule 45's requirement of "delivering" means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process"); *Fed. Trade Comm'n v. Compagnie de Saint-Gobian-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion and noting that "compulsory process may be served upon an unwilling witness only in person").

[6] *Reese v. Great W. Cas. Co.*, No. 18-8336, 2019 WL 4930233, at *4 (E.D. La. Oct. 7, 2019) (noting that a corporation must generally be served by personal service on its agent for service of process, and finding service on receptionist insufficient); *see also* FED. R. CIV. P. 4(h).

Similarly, Plaintiff's subpoena to Provencher is directed to "Provencher & Company, 1000 C.M. Fagan Drive, Suite F, Hammond, Louisiana, 70403." ECF No. 57-4 at 1. These documents suggest the subpoenas were sent via mail to the entities' business addresses, not personally delivered to any proper agent.

Thus, it appears that Plaintiff has failed to satisfy Rule 45's service requirement by failing to personally serve NARS, J.S. Held, and Provencher via a proper agent for service.

While the dates of service of each subpoena are also unclear given Plaintiff's failure to provide service returns in opposition to this motion, the documents before the court reflect that the subpoenas fail to allow a reasonable time for compliance. The first set of subpoenas (ECF Nos. 57-2—57-4) are dated January 3, 2023 and demand compliance on January 13, 2023, leaving only 8 working days. Further, the mail stamp on Plaintiff's cover letter to NARS is dated January 4, 2023, suggesting that the parties would have even less than 8 working days to comply with the subpoenas. Accordingly, Plaintiff's January 3, 2023 subpoenas provide less than 14 days' notice for compliance and thus fail to provide sufficient time for compliance.

Moreover, the subpoenas directed to J.S. Held and NARS compel production in New Orleans, Louisiana, which is more than 100 miles from the Florida addresses listed on each subpoena. The fact that these non-parties have counsel in New Orleans does not alter the fact that the subpoena expressly required production more than 100 miles from the service addresses listed, which violates the geographical limitations of Rule 45(c). Further, Plaintiff's January 11, 2023 subpoena directed to J.S. Held (ECF No. 57-5) requires compliance on January 30, 2023, over two weeks after the discovery deadline of January 13, 2023.

## IV.  CONCLUSION

Plaintiff has failed to establish personal service on a proper agent for service. In addition, the subpoenas failed to provide a reasonable time to respond and required production at a location more than 100 miles from the non-party's location. Further, the January 11, 2023 subpoena requires compliance weeks after the deadline for discovery in this matter. For these reasons, the subpoenas must be quashed.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Quash filed by non-parties Provencher & Co., LLC, North American Risk Services, Inc., and J.S. Held, LLC, and Defendant Axis Surplus Insurance Company (ECF No. 57) is GRANTED.

New Orleans, Louisiana, this __26th__ day of January, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE