UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CORRAL MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2398** |
| **AXIS SURPLUS INSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion to strike defendant's witnesses Mike McElwee ("McElwee") and Gregory Beach ("Beach")[1] filed by plaintiff Louisiana Corral Management ("LCM") and a motion to strike plaintiff's witness David Alvarado ("Alvarado")[2] filed by defendant Axis Surplus Insurance Company ("Axis"). Also before the Court is a motion *in limine* "to exclude opinion testimony of Mike McElwee and Gregory Beach" filed by LCM.[3] For the reasons below, the Court dismisses the motions to strike as moot and grants the motion *in limine* in part.

### I. FACTUAL BACKGROUND

The Court assumes familiarity with the facts giving rise to this litigation.

As relevant here, the scheduling order in this matter required that both parties file a list of all their witnesses and exhibits no later than December 2, 2022, and provided that any witness not disclosed by that date would not be permitted to testify

---

[1] R. Doc. No. 73.
[2] R. Doc. No. 88.
[3] R. Doc. No. 106.

absent good cause.[4] Both parties timely filed their witness and exhibit lists.[5] Both parties' witness lists, however, were incomplete. In the proposed pretrial order, Axis listed McElwee and Beach as witnesses despite the fact that neither was listed on its initial witness list. Likewise, LCM included Alvarado as a witness in the pretrial order despite the fact that he was not listed on its initial witness list.

## II.   LAW & ANALYSIS

### a. Motions to Strike

Both motions to strike are premised on the fact that the parties included witnesses in the proposed pretrial order that were not disclosed on their initial witness lists. The parties have agreed to withdraw these motions and to allow McElwee, Beach, and Alvarado to testify.[6] Accordingly, the motions to strike will be dismissed as moot.

### b. Motion *in Limine*

In addition to its motion to strike, LCM filed a motion *in limine* seeking to exclude opinion testimony offered by McElwee and Beach. This motion largely duplicates the motion to strike the same witnesses, except that it alternatively requests that, if McElwee and Beach are allowed to testify, they be limited to providing fact testimony.[7]

---

[4] R. Doc. No. 13, at 2–3.
[5] R. Doc. Nos. 28, 30.
[6] R. Doc. Nos. 111, 122, 128.
[7] R. Doc. No. 106-1, at 5.

As stated, the parties have stipulated that McElwee and Beach should be allowed to testify despite Axis' untimely disclosure. In response to the instant motion, Axis states that McElwee and Beach are being offered as fact witnesses, not as expert witnesses.[8] Accordingly, to the extent that LCM seeks to limit McElwee and Beach to providing fact testimony, its motion is granted. Like all witnesses for whom expert reports and disclosures were not provided, McElwee and Beach will be allowed to provide only fact testimony in this matter. *See generally* Fed. R. Civ. P. 26(a)(2) (setting forth report and disclosure requirements for expert witnesses).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motions to strike are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion *in limine* is **GRANTED** to the extent it seeks to limit McElwee and Beach to providing fact testimony.

New Orleans, Louisiana, February 23, 2023.

_____
             LANCE M. AFRICK
     UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. No. 129, at 2. Accordingly, no expert opinions or disclosures were disclosed in connection with McElwee's or Beach's testimony.