UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUISIANA CORRAL MANAGEMENT, LLC**                            **CIVIL ACTION**

**VERSUS**                                                                                       **No. 22-2398**

**AXIS SURPLUS INSURANCE COMPANY**                          **SECTION I**

### ORDER & REASONS

Before the Court is a motion "to stay pending appraisal and in the alternative to allow plaintiff to retain causation expert"[1] as well as a motion to continue the trial,[2] both filed by plaintiff Louisiana Corral Management ("LCM"). Defendant Axis Surplus Insurance Company ("Axis") opposes the motions.[3] For the reasons below, the Court denies the motions.

### I.  FACTUAL BACKGROUND

The Court previously set forth the relevant facts in its order denying LCM's motion for recusal.[4] It therefore assumes familiarity with the background of this litigation.

---

[1] R. Doc. No. 108.
[2] R. Doc. No. 113.
[3] R. Doc. No. 135. Recognizing that these two motions contained functionally similar requests for relief, Axis addressed both motions in a single opposition.
[4] R. Doc. No. 145.

## II.     LAW & ANALYSIS

### a. Motion to Compel Appraisal and Stay Pending Appraisal

"Courts have consistently held that appraisal provisions in insurance policies are enforceable." *Newman v. Lexington Ins. Co.*, No. 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) (Africk, J.) (citing *Pa. Lumbermens Fire Ins. Co., v. Barfield*, 138 F.2d 365, 366–67 (5th Cir. 1943)) (further citations omitted). However, courts considering motions to compel appraisal generally require that appraisal be invoked within a reasonable time after a dispute as to the amount of loss arises. *Newman*, 2007 WL 1063578, at *4; *accord Marquette v. So. Fidelity Ins. Co.*, No. 14-2311, 2015 WL 13529953, at *3 (E.D. La. May 19, 2015) (Zainey, J.) ("Where the appraisal provision does not mention a specific time period in which invocation must be made . . . an appraisal must be demanded within a reasonable time after a dispute as to the amount of loss arises." (quotation and citation omitted)).

LCM filed this lawsuit in July of 2022[5] and it did not request appraisal until February of 2023.[6] Plaintiff waited to invoke appraisal until nearly seven months after initiation of this lawsuit. This is unreasonable. *See Newman*, 2007 WL 1063578, at *4 (motion to compel appraisal filed two months after initiation of the lawsuit was reasonable); *Marquette*, 2015 WL 13529953, at *5 ("The courts generally find a period of 4 months or more [between awareness of a dispute and initial request for appraisal] to be an unreasonable delay absent some exception, while a period of two months or

---

[5] R. Doc. No. 1.
[6] R. Doc. No. 135, at 2.

less is reasonable."). Axis also points out that appraisal would be pointless at this juncture, as the property has already been repaired.[7]

Moreover, LCM's motion to compel appraisal is a transparent attempt to delay the trial due to counsel's inexplicably delayed realization that, without experts, carrying its burden to prove that the claimed damage was caused by Hurricane Ida was going to be difficult. This is made all the more clear by the fact that the motion requests, in the alternative, that LCM be allowed to obtain a causation expert. The Court next addresses that argument.

### b. Motion to Allow LCM to Obtain a Causation Expert

LCM provides no legal argument in support of this request. The scheduling order in this matter provided that plaintiff's expert reports and disclosures were due on November 2, 2022.[8] In effect, then, LCM is requesting a modification of the Court's scheduling order. This request is governed by Federal Rule of Civil Procedure 16 and well-established Fifth Circuit precedent. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (providing that courts should examine "(1) the explanation for the failure to [timely] identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice" in evaluating requests such as LCM's).

---

[7] *Id.* at 3.
[8] R. Doc. No. 13, at 2.

LCM does not address these standards in its motion. Indeed, the request to allow LCM to untimely obtain an expert witness is contained in only a few sentences. LCM has failed to show good cause in support of its request, and its motion will be denied.

### c. Motion to Continue the Trial

Though styled as a motion to continue the trial, this motion is in reality a hodge-podge of arguments related to motions already pending before the undersigned and the U.S. Magistrate Judge assigned to this matter.

LCM first requests that the trial be continued because Axis allegedly improperly withheld certain documents during discovery. This allegation is the subject of LCM's motion to compel[9] and motion for sanctions,[10] currently pending before the Magistrate Judge. As these motions have not yet been resolved, the Court cannot evaluate whether they support LCM's request for a continuance. Should the discovery-related motion be resolved in LCM's favor in such a way as to have a material impact on LCM's ability to present its case, the Court will entertain a renewed request for a continuance.

LCM next argues that Axis' "amendment to include causation is moot as Defendant has acknowledged that causation is not an issue in this matter." It is not clear how this statement relates to LCM's request to continue the trial, and is better

---

[9] R. Doc. No. 102.
[10] R. Doc. No. 71.

addressed via the motions currently before the Court that relate directly to the issue of causation.[11]

LCM also argues that "[i]n the interest of judicial economy and efficiency, this Court should add Louisiana Corral of Houma to the instant matter." Louisiana Corral of Houma is a non-party entity to whom LCM alleges Axis owes damages. Again, it is not clear how this argument relates to a request for a continuance, and it is better addressed in connection with motions that directly address the issue.[12]

Finally, the Court notes that continuing a trial is "never ideal." *Red Dot Bldgs. v. Jacobs Tech., Inc.*, No. 11–1142, 2012 WL 2061904, at *4 (E.D. La. June 7, 2012) (Barbier, J.). This is especially true where "to grant a continuance would effectively countenance [a party's] failure to comply with the scheduling order deadlines, which is behavior this Court is not eager to encourage." *Id.* LCM has not provided the Court with any facts that justify continuing the trial, and appearing that any continuance request is driven by plaintiff's counsels' failures to effectively prosecute this case, the Court is not inclined to encourage further dilatory behavior. The motion to continue will be denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that LCM's motion to invoke appraisal and stay the above-captioned matter is **DENIED**.

---

[11] *E.g.*, R. Doc. No. 107 (LCM's motion to exclude causation testimony).
[12] *E.g.*, R. Doc. No. 64 (Axis' motion *in limine* to exclude references to Louisiana Corral of Houma's damages).

**IT IS FURTHER ORDERED** that LCM's motion to continue the trial is **DENIED**, provided, however, that LCM may re-urge the motion to continue should the discovery-related motion be resolved in its favor in such a way as to have a material impact on LCM's ability to present its case.

New Orleans, Louisiana, February 23, 2023.

                                                                                                  LANCE M. AFRICK
                                             UNITED STATES DISTRICT JUDGE