UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA CORRAL MANAGEMENT, LLC | * | CIVIL ACTION |
| | * | NO. 22-2398 |
| VERSUS | | |
| | * | SECTION "I" (2) |
| AXIS SURPLUS INSURANCE COMPANY | | |

**ORDER AND REASONS**

Before me are three motions filed by Plaintiff Louisiana Corral Management, LLC: (1) Motion for Sanctions; (2) Motion for In Camera Inspection; and (3) Motion to Compel. ECF Nos. 71, 101, 102; *see also* ECF No. 94 (Order referring motion for sanctions to the undersigned). Defendant Axis Surplus Insurance Company timely filed an Omnibus Opposition Memorandum. ECF No. 126. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for In Camera Inspection is DENIED and its Motion to Compel and Motion for Sanctions are GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Louisiana Corral Management, LLC is the operator of a Golden Corral franchise in Houma, Louisiana. After it sustained damages in Hurricane Ida, it filed suit against its insurer Axis Surplus Insurance Company to recover same as well as extra-contractual damages and attorneys' fees, alleging breach of contract and statutory violations. ECF No. 1. The court's September 7, 2022 Scheduling Order established a discovery deadline of December 16, 2022 and trial date of March 6, 2023. ECF No. 13 at 2, 4. By Order dated November 28, 2022, the court extended the discovery deadline to January 13, 2023. ECF No. 27.

1

Shortly before expiration of the discovery deadline, on January 3, 2023, Plaintiff issued Rule 45 subpoenas duces tecum to Axis' third-party administrator NARS, its field adjuster Provencher, and its expert building consultant J.S. Held. ECF Nos. 38-2, 38-3, 38-4. By Order and Reasons dated January 11, 2023, this Court granted in part and denied in part Defendant Axis' motion to quash the non-party subpoenas. ECF No. 50. The Court reasoned that, while Axis lacked standing to obtain relief based on the lack of sufficient response time provided, it did have a personal interest in the documents sought; therefore, Axis was allowed to provide a privilege log identifying any documents protected by the attorney-client privilege or work-product doctrine.

Shortly after that ruling, the subpoenaed parties filed their own Motions to Quash on the basis that the subpoenas did not allow adequate response time, were not served properly, called for production beyond the geographical limitations, and specified a return date past the discovery deadline. ECF No. 57. In the interim, Plaintiff re-issued the subpoena duces tecum to J.S. Held on January 11, 2023. ECF No. 57-5. By Order and Reasons dated January 26, 2023, this Court granted the motion to quash, reasoning that Plaintiff failed to include proof of service reflecting personal service on an authorized agent rather than being simply mailed to the non-parties' addresses, the subpoenas to J.S. Held and NARS violated the geographical limitations of Rule 45(c), none of the subpoenas allowed sufficient time for response, and the January 11, 2023 subpoena required a response beyond the discovery deadline. ECF No. 67.

A.   **Plaintiff's Motions**

Plaintiff has now filed three motions. Plaintiff filed a motion for sanctions on January 27, 2023. ECF No. 71. Plaintiff argues that, during the post-discovery deadline deposition of Axis' expert Charles M. Allison, Plaintiff learned that J.S. Held had ESX or Xactimate[1] files, requests

---

[1] Xactimate is a computer software program, created and distributed by Xactware, that is designed to calculate the replacement value of damaged property. *Schafer v. State Farm Fire & Cas. Co.*, 507 F. Supp. 2d 587, 589–90 (E.D.

2

for information, field notes, journals and photographs regarding Plaintiff's property.  ECF No. 71-1 at 4.  Plaintiff contends that its written discovery to Axis required production of these documents, and as sanctions for the failure to produce, Axis' expert Allison and Held's Xactimate analysis should be excluded as evidence.  *Id.* at 4, 6.[2]  Alternatively, it asks that the Court enforce the previously quashed subpoenas duces tecum directed to Held, Provencher and NARS or, if the evidence no longer exists, find that Axis has spoliated evidence.  *Id.* at 4, 6-7.

Plaintiff filed a motion for *in camera* inspection on February 6, 2023.  ECF No. 101.  Plaintiff attacks the privilege log that Axis provided on December 14, 2022 and argues that Axis improperly withheld the photos and field notes prepared by J.S. Held and relied upon by expert Allison.  ECF No. 101-1 at 2-5.  If further argues that, contrary to the December 14, 2022 privilege log, reserve information is discoverable (*id.* at 5-7), not all documents involving attorneys reflect confidential communications made for purposes of obtaining legal advice and thus must be reviewed *in camera* (*id.* at 7-10), payments made to Axis' experts or consultants from October 5, 2021 through December 12, 2022, are not privileged (*id.* at 10-11), claims handling guidelines are discoverable (*id*. at 11-12), and Axis waived any privilege claim because its log entries fail to adequately describe the subject of the communication (*id.* at 12-13).  Plaintiff also finally argues that Rule 26(e) imposes upon Axis the obligation to supplement its production with responsive documents even beyond the discovery deadline.  *Id.* at 13-15.

Plaintiff also filed a motion to compel on February 6, 2023.  ECF No. 102.  In large part, Plaintiff's supporting memorandum cuts and pastes from its motion for sanctions.  *Compare* ECF No. 102-1 (beginning with the penultimate sentence on p. 1 through final paragraph on p. 5) *with*

---

La. 2007); *see also Dieudonne v. United Prop. & Cas. Ins. Co.,* No. 19-12476, 2021 WL 5029419, at *3 (E.D. La. Sept. 16, 2021) (characterizing Xactimate as a software used by insurance companies to estimate repairs).
[2] Plaintiff has filed a Motion to Strike Expert Report of Allison, which is pending before Judge Africk.  ECF No. 72.

ECF No. 71-1 (beginning at p. 1 through second sentence of p. 4).  Plaintiff concedes that its motion to compel is filed after the discovery deadline, but argues that it is still entitled to the documents used by Defendant's expert in preparation of his expert report, Axis is obliged to supplement its prior responses, and post-deadline consideration of the motion is appropriate.  *Id*. at 8-10.  Alternatively, Plaintiff asks to extend the discovery deadline to allow the parties to finish conducting discovery, arguing that it has established good cause under Rule 16.  *Id.* at 10-11.

### B.      Axis' Opposition

Axis argues that Plaintiff's three motions all essentially seek the same relief:  information and documents of non-party J.S. Held as well as unredacted versions of previously produced documents.  ECF No. 126 at 1-2.

Axis argues that the motions for sanctions and in camera inspection are procedurally deficient because they attack Axis' discovery responses but were filed without first conducting a Rule 37 conference.  *Id.* at 3-5; *see also* ECF No. 126-1.  Axis further argues that the motions are untimely given that it provided written discovery responses on December 22, 2022 and delivered 1629 pages of documents via the 30(b)(6) production on December 14, 2022.  *Id.* at 5-7; *see also* ECF No. 126-3.  Further, Axis argues that Plaintiff has had copies of the J.S. Held and Provencher reports since April of 2022, and its contention otherwise is inaccurate.  *Id.* at 5, 7.  Contrary to Plaintiff's assertion that it only learned of the Held documents during expert Allison's deposition on January 26, 2023, Axis notes that Plaintiff's January 3, 2023 subpoenas sought the same Held documents as did Plaintiff's January 13, 2023 request for production issued and sent to Axis on the discovery deadline.  *Id.* at 8; *see also* ECF No. 38-4; No. 52-7; Nos. 126-1 & 126-2.

Axis further argues that the information at issue are documents of J.S. Held, not Axis (ECF No. 126-1 at 9), and it has produced all of its documents so has no Rule 26(e) duty to supplement

4

its already complete production. Further, it argues that Rule 26(e) does not require a party to produce documents and files of a non-party, and its expert did not change or supplement his report such that supplementation is required. *Id.* Axis contends that Plaintiff's November 2022 discovery requests did not seek the file of J.S. Held (*id.* at 10-12), and Plaintiff's "backdoor attempt" to untimely conduct discovery after the discovery deadline must fail. *Id.* at 12. Axis notes that it did not attempt to receive the J.S. Held file until January 13, 2023 to prepare the privilege log as ordered by this Court's initial ruling on Axis' motion to quash that was mooted by this Court's later Order granting the non-parties' motion to quash. *Id.* at 15-16. As to the reserve and other information regarding non-party payments, claims handling and other items, Axis argues that Plaintiff had same since December 2022, failed to confer as required by Rule 37, and untimely filed a motion to compel regarding same just weeks before the scheduled trial. *Id.* at 17-18.

## II.     APPLICABLE LAW AND ANALYSIS

### A. Rule 37's Meet and Confer Requirement

Rule 37(a)(1) of the Federal Rules of Civil Procedure authorizes the filing of a Motion to Compel Discovery. It provides, in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

(1) how the required conference was scheduled,
(2) who participated in the conference,
(3) the date and time of the conference,
(4) whether the conference was conducted by phone or in person,
(5) the duration of the conference,
(6) the specific topics that were addressed at the conference, and

(7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[3]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[4]

Plaintiff has failed to comply with Rule 37, much less this Court's specific requirements imposed to ensure a fulsome meet-and-confer. Plaintiff's failure to engage in a meet and confer and provide a proper Rule 37 certification, much less comply with this Court's specific requirements for same, before filing these motions is sufficient reason in itself to deny same.[5] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[6]

## B. Timeliness of Discovery Motions

The discovery deadline in this case was January 13, 2023. ECF Nos. 13, 27. All three of Plaintiff's motions were filed over two weeks after the January 13, 2023 discovery deadline, one on January 27 and two on February 6, 2023.

Courts generally look to the deadline for completion of discovery in considering whether a discovery motion has been timely filed.[7] "It is axiomatic that to complete discovery means that

---

[3] *Motions & Oral Argument*, The Honorable Donna Phillips Currault, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.
[4] *Id.*
[5] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).
[6] *See, e.g.*, Greer v. Bramhall, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); D.*H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).
[7] *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline); *Mollinger–Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920, 923, (10th Cir. 2004) (finding no abuse of discretion in district court's holding that *pro se* plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed four months after discovery had closed and after summary judgment motion was filed) (citations omitted); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. 1998) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline) (citation omitted); *Ayala–*

all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline."[8] "This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline."[9]  Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline.[10]

Plaintiff's motions are clearly untimely.  When a party asks the court to address an untimely motion to compel on the merits, the movant must establish good cause under Rule 16(b) to extend the discovery deadline.[11]  Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension.[12]  In

---

*Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Flynn v. Health Advoc., Inc.*, No. 03–3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding a motion to compel was untimely as plaintiff filed it seventy-six days after discovery closed and over three weeks after summary judgment motions and plaintiff was aware of deficiencies two months before discovery closed) (citing cases), *aff'd by* 169 F. App'x 99 (3rd Cir. 2006); *Banks v. CBOCS West, Inc.*, No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (holding motion to compel filed two months after the close of discovery was clearly untimely despite busy schedule of counsel because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion).
[8] *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (Roby, M.J.) (quoting *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) (Roby, M.J.)); *see also Rahman v. ExxonMobil Corp.*, No. 18-894, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) ("A request for discovery from a party 'must be served at least thirty days prior to the completion of discovery' to be considered timely" and thus quashing a document request served 14 days before discovery deadline as untimely) (citation omitted); *Hall v. State of La.*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).
[9] *Galliano Marine Serv., LLC v. Schumacher*, No. 17-09868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018) (Roby, M.J.).
[10] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (citing *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (affirming summary judgment and finding no abuse of discretion in denying a motion to compel where the scheduling order required all discovery to be completed by a specific date and the motion was filed after that date); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline)).
[11] *See Parkcrest Builders, LLC*, 2017 WL 4156499, at *2 (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).
[12] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc*., No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*, 315 F.3d at 535)).

determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, courts examine several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."[13] Additionally, courts consider (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) whether dispositive motions have been scheduled or filed, (5) the age of the case, and (6) disruption of the court's schedule.[14] The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[15]

Plaintiff must establish that the discovery deadline could not reasonably be met despite its diligence. For whatever reason, although Plaintiff filed suit in July, it appears that it did not issue written discovery until November 2022, to which Axis responded in December 2022. Further, Axis contends Plaintiff had the relevant reports since April of 2022, but for whatever reason, Plaintiff elected not to depose Axis' expert during the discovery period, which was extended once at the parties' request.[16] Instead, Plaintiff deposed the expert two weeks after discovery closed, and now bases its various motions on information allegedly learned for the first time during that

---

[13] *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S&W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)))); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (citations omitted). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F. App'x 142, 145 (5th Cir. 2013); *see also Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3. ("The Fifth Circuit has used [the *Geiserman* test] to determine whether good cause exists . . . [for] a failure to produce discovery to the opposing party in accordance with a court-imposed deadline . . . The Fifth Circuit has suggested that the *Geiserman* test is also the appropriate method of analysis where, as here, a party seeks to re-open discovery after the deadline has passed.") (citing *Colonial Freight Sys., Inc.*, 524 F. App'x at 145).
[14] *See Days Inn. Worldwide, Inc.,* 237 F.R.D. at 398 (citing cases).
[15] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co.*, 110 F.3d at 257).
[16] ECF No. 126 at 5. Although Plaintiff states that was due to the unavailability of defense counsel, defense counsel argues that misrepresents the relevant communications indicating that one attorney was not available and ignores the fact that depositions were conducted during that period. *See* ECF No. 46 at 1-2; No. 126 at 7-8.

deposition, an assertion that Axis disputes given Plaintiff's January 3, 2023 subpoenas and January 13, 2023 request for production specifically directed to the information allegedly not discovered until January 26, 2023 deposition.  Plaintiff offers no other excuse for the failure to proceed diligently with discovery.  The deadline expired over a month ago and trial is scheduled to begin in less than two weeks, with various trial-related motions (including dispositive motions) currently pending.  Contrary to Plaintiff's contentions, it has not established good cause to extend the deadline for consideration of its discovery-related motions with regard to the J.S. Held documents.

While Plaintiff relies on the alleged discovery of new information in the post-deadline deposition of expert Allison to excuse the untimely motions regarding the J.S. Held EXS or Xactimate file, request for information, field notes, journals, photographs, it offers absolutely no explanation whatsoever for its two-month delay in filing a motion regarding Axis' December 14, 2022 privilege log (*e.g.*, reserve information, attorney-client communications, claims handling redactions, payments to others).  Instead, Plaintiff simply argues that the items were not properly withheld and asks this Court to conduct an *in camera* inspection of same.  Given the absence of any reason whatsoever for the failure to meet the deadline with regard to the December 14, 2022 privilege log coupled with the potential prejudice of re-opening discovery with just over a week before trial and the court's interest in managing its calendar, the court cannot find that Plaintiff has demonstrated good cause to consider its untimely motion for *in camera* inspection.

Moreover, *in camera* review "should not replace the effective adversarial testing of the claimed privileges and protections."[17]  Resort to *in camera* review is appropriate only after the burdened party submits detailed affidavits and evidence to the extent possible.[18]  Plaintiff provides

---

[17] *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994) (citations omitted).
[18] *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (quoting *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D. Tex. 2004) (internal quotation omitted)); *see also United States v. Fluitt*, Cr. No. 20-00196-01, 2022 WL 1633627, at *7 (W.D. La. Mar. 4, 2022) ("resort to an in camera review is appropriate only after the

no evidence to justify the burden of *in camera* review at this late date nor has Defendant provided the required detailed affidavits necessary to effectively conduct such review. Further, given the impending trial commencing in just over a week and the lack of any meaningful justification, this Court will not undertake a review of withheld documents at this late date.[19]

### C. Duty to Supplement

Although Plaintiff's discovery motions are untimely and it has not established good cause to extend the deadlines to consider them, Rule 26(e) imposes an ongoing duty to supplement prior discovery responses with newly discovered information even after the discovery deadline.[20] Indeed, courts have recognized that the ongoing duty to supplement is not subject to the Scheduling Order's deadline and requires supplementation even through the time of trial.[21] Thus, expiration of the discovery deadline does not absolve a party from the obligation to supplement, if applicable. Further, while a motion demanding Rule 26(e) supplementation is subject to Rule 37(a)(1)'s pre-filing meet-and-confer requirement, the court retains discretion to waive strict compliance with the conference requirements and to consider the motion on the merits when further delay would not comport with the overriding principle set forth in FED. R. CIV. P. 1 that the courts construe and administer the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive

---

burdened party has submitted detailed affidavits and other evidence to the extent possible.") (citing *Jacobs v. Tapscott*, No. 04-1968, 2006 WL 1140460, at *1 (N.D. Tex. May 1, 2006)), *aff'd*, Cr. No. 20-00196-01, 2022 WL 1625170 (W.D. La. May 23, 2022); *United States v. Zolin*, 491 U.S. 554, 571 (1989) ("[W]e cannot ignore the burdens in camera review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties.").

[19] *See Zolin*, 491 U.S. at 571; *Smith v. Shelter Mut. Ins. Co.*, No. 15-357, 2018 WL 1278429, at *2 (M.D. La. Mar. 12, 2018) (refusing to conduct blanket review of 139 withheld documents, as it "would constitute a great and unnecessary expenditure of judicial resources").

[20] FED. R. CIV. P. 26(e).

[21] *Biggio v. H20 Hair, Inc.*, No. 15-6034, 2016 WL 7116025, at *1-*2 (E.D. La. Dec. 7, 2016); *see also Eubanks v. Eubanks*, No. 17-1217, 2017 WL 3380476, at *1 (E.D. La. Aug. 4, 2017); *United States v. State*, No. 11-470, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015); *O'Carroll v. Hancock Bank*, No. 11-640, 2012 WL 5997542, at *2 (M.D. La. Nov. 30, 2012).

determination of every action and proceeding.[22]  The failure to engage in a pre-filing conference may, however, impact the availability of sanctions.[23]

With regard to the matters involving Axis' December 2022 privilege log (*e.g.,* reserve information, payments to third parties, attorney-client communications, etc.), Axis has no obligation to supplement its discovery responses as Axis properly responded with objections and identified the documents on a privilege log.  Plaintiff failed to timely seek to compel production of same, and the time to do so has now expired.  Accordingly, Axis has no further obligations to supplement with documents or other information already identified on its privilege log.

The J.S. Held materials, however, were not withheld from production based on privilege nor were they identified on a privilege log.  Rather, those documents were not produced by Axis on the basis that the requests seek information of a non-party not in Axis' possession and the materials are not within the scope of production required by Rule 26(a)(1)(A)(ii), 26(a)(2)(B), or any timely specific request for production.  ECF No. 126 at 9-16.  Instead, Axis contends that Plaintiff only sought these documents via a Request for Production issued and delivered on the discovery deadline of January 13, 2023.  *Id.*

Axis is correct that a discovery request issued on the discovery deadline is untimely as "completion of discovery" requires that, at minimum, the discovery request be served in sufficient time to allow for receipt of the discovery response by the applicable deadline.  Thus, if the documents at issue were only sought via the January 13, 2023 request for production, then there is no obligation to produce same.  If, however, the J.S. Held file materials (e.g., ESX or Xactimate files, requests for information, field notes, journals and photographs) fall within the scope of Axis'

---

[22] *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 288 (N.D. Tex. 2017) (citations omitted).
[23] *Id.* (citing cases).

disclosure obligations under Rules 26(a)(1)(A)(ii)[24] or Plaintiff's November 2022 discovery requests, then Axis would be obliged to supplement its prior discovery responses with the documents at issue, even at this late date.

### 1. Whether the J.S. Held Documents Fall Within Rule 26(a) or a Rule 34 Request

a. Rule 26(a) Disclosures

The initial disclosures required by the Federal Rules requires a party to provide a "copy or description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[25] The Advisory Committee notes explain that "use" includes any use at conferences, motions, hearings or at trial as well as intended use in discovery, such as use to question a witness.[26] The disclosure obligation attaches to any documents a party intends to use, but does not require a party to disclose witnesses or documents that it does not intend to use.[27]

b. November 2022 Request for Production

There is no dispute that Plaintiff's January 13, 2023 Request for Production specifically demands production of the J.S. Held documents at issue in these motions. Request No. 19 reads:

> Produce a copy of the ESX files of Provencher and JS HELD which corresponds to the Xactimate's prepared for Plaintiff's 1724 Martin Luther King Blvd. Houma, LA 70360 in connection with Hurricane Ida that occurred on or about August 29, 2021, which is the subject of this lawsuit.

---

[24] Although Plaintiff also argues that Axis' expert Allison failed to disclose various documents contained in its files as required by FED. R. CIV. P. 26(a)(2)(B) and 26(e)(2), the issue of whether J. S. Held employee Allison's expert report is compliant with the Federal Rules of Civil Procedure and any consequence for alleged non-compliance is currently pending before United States District Judge Africk through Plaintiff's Motion to Strike Expert Report of Charles M. Allison. *See* ECF No. 72. Accordingly, this Order and Reasons does not address any expert disclosure obligations.
[25] FED. R. CIV. P. Rule 26(a)(1)(A)(ii). This disclosure obligation was narrowed by the 2000 amendments from "information 'relevant to disputed facts alleged with particularity in the pleadings' to information 'that the disclosing party may use to support its claims or defenses, unless solely for impeachment.'"
[26] FED. R. CIV. P. 26(a) advisory committee's notes to 2000 amendment.
[27] *Id.*

12

ECF No. 126-2.  The problem, however, is that Plaintiff did not issue Request for Production No. 19 until the day of the discovery deadline (January 13, 2023).  While Rule 34(b)(2)(A) allows for shortening of the normal 30-day response period, either by agreement of the parties or court order, Plaintiff neither obtained Axis' agreement to shorten that 30-day period nor a court order.  The issuance of a Request for Production on January 13, 2023 would not allow for "completion of discovery" by the January 13, 2023 deadline.  Accordingly, Axis' objection to the untimely nature of this request is entirely proper.

Plaintiff had, however, issued a prior set of discovery requests on November 22, 2022.  In its supporting memoranda, Plaintiff cites to various combinations of Interrogatory Nos. 5, 6, 8, 16, 17, 18 and 20 and Requests for Production Nos. 6, 7, 8, 11, 13, 14, 15 and 16.  ECF Nos. 71-1 at 1-3; 101-1 at 2-3.  102-1 at 2-5.  After quoting these discovery requests, Plaintiff conclusorily asserts that the ESX or Xactimate files, requests for information, field notes, journals and photographs in the possession of J.S. Held are called for by these requests, without any specific indication of which requests cover the documents at issue.  In its Opposition, Axis disagrees and asserts that it properly produced all responsive documents.  ECF No. 126 at 10-12.

Axis' Opposition addresses Interrogatory Nos. 5, 8, 16, 17, 18 and 20 as well as Requests for Production Nos. 7, 8, 11, 15 and 16.  It neglects to address Plaintiff's Request for Production No. 6, which specifically sought any "photographs . . . taken or prepared during the investigation . . . ." or Request for production No. 13, which sought "all investigative material, including reports, videos, and/or photographs . . . ."   ECF No. 101-1 at 2-3.  In addition, this November 2022 discovery also sought "estimates or appraisals of damage" (RFP 7) and "notes, logs, memoranda or diaries maintained in connection with the claim" (RFP 11), "adjuster's notes of Axis' adjuster, examiner, representative, and/or employee regarding the claim, facts, and investigation" (RFP 15).

*Id.*  Thus, Plaintiff has timely requested any photographs of its property, investigative materials, estimates, notes or logs or adjuster's notes by any representative that are within Axis' possession, custody or control.

### 2. <u>Possession, Custody or Control</u>

To the extent the J.S. Held documents fall within the scope of Axis' Rule 26(a) disclosure obligations or a specific discovery request, the court must then determine whether the documents at issue are within Axis's possession, custody or control.  Neither party has even mentioned, much less adequately briefed, the fundamental issue of whether Axis has "actual or constructive possession, custody or control" over any of the J.S. Held documents now sought by Plaintiff.

The law is clear that the Federal Rules require the responding party to produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[28]  Thus, documents owned or possessed by agents, attorneys, hired consultants and other third-parties hired by a party that the party can reasonably obtain the requested information from upon its own request fall within that party's custody or control.[29]

The burden is on the party seeking discovery to show that the other party has control over the material sought.[30]  To establish control over documents in the possession of a non-party, the

---

[28] *Becnel v. Salas*, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[29] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).
[30] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).

movant must typically show that there is "a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."[31] Factors to consider in determining whether a party has "control" of materials include whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity.[32]

In determining the sufficiency of control over material for discovery purposes, the nature of the relationship between the party and the non-party is key.[33] Thus, "possession, custody, and control" does not simply contemplate physical and actual possession, but rather whether the responding party could come into possession of the requested document upon reasonable inquiry.[34] Given that J.S. Held attempted to delivery its files to Axis upon request,[35] Axis would be deemed to have control of the J.S. Held documents.

### 3. Is Axis Obliged to Produce Any J.S. Held Documents Under Rule 26(e)?

Plaintiff has argued that the documents held by J.S. Held, as Axis' expert, are within Axis' control. Axis has not specifically addressed whether it could obtain the documents, and instead, argues only that it requested them and received a link that did not function. ECF No. 126 at 15-16. The fact that, in response to Axis's request, J.S. Held attempted to send the documents,

---

[31] *Southern Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014) (citations omitted).
[32] *Benson v. Rosenthal*, No. 15-782, 2016 WL 1046126, at *4 (E.D. La. Mar. 16, 2016) (citations omitted) (noting that, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on practical ability to obtain them.").
[33] *Washington-St. Tammany Elec. Coop., Inc.*, 2019 WL 1804849, at *7 (quoting *Monroe's Estate*, 2004 WL 737463, at *10).
[34] *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4905796, at *3-*4 (E.D. La. Jan. 15, 2020) (citing *Becnel*, 2018 WL 691649, at *3 ("Rule 34's definition of possession, custody, or control, includes more than actual possession or control of [documents]; it also contemplates a party's legal right or practical ability to obtain [documents] from a [non-party] to the action")).
[35] ECF No. 126 at 15-16.

however, indicates that Axis has "control" over J.S. Held's documents. As such, Axis should have produced any documents held by J.S. Held that either fell within the scope of its Rule 26(a) initial disclosure obligations or are responsive to Plaintiff's November 2022 requests for production.

Rule 26(a) requires Axis to disclose any documents that it uses to support its claims or defenses, unless solely for impeachment. This includes "use" during any conference, motion, hearing or at trial as well as in discovery. If Axis intends to use any Xactimate or ESX files, requests for information, field notes, journals and photographs regarding Plaintiff's property at trial, or has used such documents during any conference, hearing, motion or deposition, then Axis is obliged under Rule 26(a) to provide same.[36] If, however, Axis has not used, and does not intend to use, any of those documents, then Axis has no Rule 26(e) obligation to supplement its earlier Rule 26(a) disclosures.

Based on a review of Plaintiff's November 2022 discovery requests, Axis should have produced photos or videos of Plaintiff's property in J.S. Held's files as same were clearly called for via Requests for Production No. 6 (seeking photographs) and No. 13 (seeking video or photographs). Although it is not clear precisely what Plaintiff means in its Request for Production No. 7 when it seeks "all estimates or appraisals," if the Xactimate file or ESX file constitutes an estimate of damage for Plaintiff's property generated by J.S. Held on Axis' behalf, then Axis should have produced same in response to Requests for Production No. 7 (seeking estimates) and No. 13 (seeking investigative materials). Likewise, to the extent the J.S. Held field notes constitute "claim or adjuster's notes of Axis' adjuster . . . representative and/or employee," then same should have been produced in response to Request for Production No. 15 (seeking claim or adjuster's

---

[36] The court notes that some of these items appear to be listed on the Pretrial Order Exhibit list with bates numbers indicating prior production. ECF No. 77. If, however, these documents have not been produced, they must be pursuant to Rule 26(e).

16

notes of Axis' adjuster, examiner, representative and/or employee). None of Plaintiff's identified Requests for Production, however, appear to call for production of any request for information that may have been sent by J.S. Held to Axis.

### D. Rule 37 Sanctions

Under Federal Rule of Civil Procedure 37, the Court may issue sanctions for a party's failure to obey a discovery order. FED. R. CIV. P. 37(b)(2). The Court has wide latitude in determining the appropriate sanction,[37] which includes not only the sanctions requested by Defendants in this matter – "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" – but also other sanctions such as dismissing the action or any portion of the action, or treating the failure to obey as contempt of court. FED. R. CIV. P. Rule 37(b)(2)(A)(i)–(vii). Likewise, when a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence, unless the failure was substantially justified. FED. R. CIV. P. 37(c)(1). In either case, the Court also has authority to impose sanctions in the form of reasonable attorney's fees:[38]

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . ., the court where the action is pending may issue further just orders . . . Instead of or in addition to [the allowed sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

---

[37] *Quintero v. Balboa Ins. Co.*, No. 08-1527, 2009 WL 382506, at *1 (E.D. La. Feb. 11, 2009) (recommending dismissal as the case represented an "extreme circumstance" where Plaintiff willfully and in bad faith failed to cooperate with counsel and show up for multiple court hearings); *see also Wyatt v. Morial*, No. 98-0466, 1999 WL 345500, at *1 (E.D. La. May 25, 1999) (stating "[f]ederal courts have the power to impose sanctions for failure to comply with discovery orders under Fed. R. Civ. P. 37" and recommending dismissal for repeated failure to comply with discovery orders).

[38] *Lytal Enters., Inc. v. Newfield Expl. Co.*, No. 06-33, 2006 WL 3366128, at *1 (E.D. La. Nov. 17, 2006) (citing FED. R. CIV. P. 37(b)(2)) ("The court's authority to hold parties who disobey its discovery orders in contempt and/or to impose sanctions in the form of reasonable attorney's fees and costs is unquestioned.").

FED. R. CIV. P. 37(b)(2)(A), (C) (emphasis added); 37(c)(1).

Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct.[39] Sanctions under Rule 37 are appropriate where there is willful disobedience or gross indifference, not when the failure to comply was outside the party's control.[40] The primary purpose of the rule is "designed to empower the court to compel production of evidence by the imposition of reasonable sanctions."[41] "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)."[42]

Plaintiff alternatively asks that, if documents are found to no longer exist, Axis be found to have spoliated evidence. The spoliation of evidence doctrine governs the intentional destruction of evidence[43] for the purpose of depriving the opposing party of its use.[44] Rule 37 provides a basis for spoliation sanctions when the alleged destruction of evidence arises during the discovery period of active litigation and there is a failure to comply with a court order or to preserve electronically stored information.[45] To support imposition of sanctions based on the court's inherent power, there

---

[39] *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 497, 501 (N.D. Tex. Apr. 18, 2016) (citing *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877–78 (5th Cir. 1988).
[40] *Orchestrate HR, Inc.*, 178 F. Supp. 3d at 500 (citing *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)).
[41] *Id.* (internal quotations omitted) (quoting *Dorsey*, 423 F.2d at 860); *Parkcrest Builders, LLC v. Housing Auth.*, No. 15-01533, 2017 WL 6388511, at *5 (E.D. La. Dec. 14, 2017) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)) ("The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.").
[42] *Orchestrate HR, Inc.*, 178 F. Supp. at 500–01 (internal quotations omitted) (quoting *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986)).
[43] *Coastal Bridge Co., L.L.C. v. Heatec, Inc.,*, 833 F. App'x 565, 573 (5th Cir. 2020) (citing *Menges v. Cliffs Drilling Co.*, No. 99-2159, 2000 WL 765082, at *1 (E.D. La. June 12, 2000) (citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994))).
[44] *Id.* (citing *Catoire v. Caprock Telecomm. Corp.*, No. 01-3577, 2002 WL 31729484, at *1 (E.D. La. Dec. 2, 2002)); *see also St. Tammany Par. Hosp. Serv. Dist. No. 1 v. Travelers Prop. Cas. Co. of Am.*, 250 F.R.D. 275, 277 (E.D. La. 2008) (citation omitted).
[45] FED. R. CIV. P. 37(b), (e); *see also Settles v. United States*, No. 17-1272, 2018 WL 5733167, at *3 (W.D. Tex. Aug. 29, 2018).

must be bad faith or a willful abuse of the judicial process,[46] which in the spoliation context generally means destruction of evidence for the purpose of hiding adverse evidence.[47]

A spoliation claim has three elements:

(1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction;

(2) the evidence must have been intentionally destroyed; and

(3) the moving party must show that the spoliating party acted in bad faith.[48]

If the court finds that a party intentionally destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party.[49]

Plaintiff's failure to engage in a Rule 37 conference before filing this motion justifies the denial of sanctions. Further, Plaintiff offers absolutely no evidence to establish spoliation. Accordingly, Plaintiff's request for a spoliation finding is unfounded and likewise denied.

## III. CONCLUSION

Plaintiff's motion for *in camera* inspection seeking to test Axis' December 2022 privilege log is untimely. Plaintiff had a month to file same before expiration of the discovery deadline but failed to do so. Instead, Plaintiff waited until almost a month after the discovery deadline to first raise the issue and filed a motion without first engaging in the required meet and confer. Plaintiff has not established good cause to consider, for the first time and at this late date, challenges to the

---

[46] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990) (noting that sanctions under the court's inherent powers are limited to situations involving bad faith or willful abuse of the judicial process) (citation omitted); *see also In re ProEducation Int'l, Inc.*, 587 F.3d 296, 304 (5th Cir. 2009) (quoting *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997) (internal citation omitted)).
[47] *Settles*, 2018 WL 5733167, at *3 (citing *Guzman*, 804 F.3d at 713).
[48] *Coastal*, 833 F. App'x at 574 (citing *Port of S. La. v. Tri-Parish Indus.*, 927 F. Supp. 2d 332, 346 (E.D. La. 2013); *Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 190 (5th Cir. 2018) (citations omitted)); *see also Eagan v. Walgreen Co.*, No. 21-20352, 2022 WL 683636, at *3 (5th Cir. Mar. 8, 2022).
[49] *Id.* at 573 (citations omitted). The seriousness of the sanctions that a court may impose depends on the consideration of: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Id.* (quoting *Schmid*, 13 F.3d at 78).

privilege log nor has Plaintiff provided the detailed information that would be necessary to enable the court to conduct such review before trial.

Likewise, Plaintiff's motions to compel and for sanctions are, in large part, improper and untimely as discovery has closed. Plaintiff is not, however, foreclosed from demanding supplementation as the Rule 26(e) obligation to supplement runs through the time of trial and does not expire with the discovery deadline. Accordingly, Axis must supplement its prior Rule 26 disclosures to include any Xactimate or ESX file, request for information, field notes, journals or photographs regarding Plaintiff's property that it intends to use at trial, or has used during any conference, hearing, motion or deposition and its prior discovery response to produce any photographs, videos, estimates or field notes in possession of its expert J.S. Held to the extent same fall within the ambit of Requests for Production Nos. 6, 7, 13 and 15 as Axis is deemed has constructive possession or control over same. Given Plaintiff's failure to meet and confer before filing these motions, as required by Rule 37, however, Plaintiff's requests for sanctions is not proper.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for In Camera Inspection (ECF No. 101) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel and Motion for Sanctions (ECF Nos. 102, 71) are GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Axis produce any documents required herein by the close of business on Friday, February 24, 2023.

Dated this __23rd__ day of February, 2023.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE