UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CORRAL MANAGEMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-2398** |
| **AXIS SURPLUS INSURANCE COMPANY** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion *in limine* "to exclude causation testimony" filed by plaintiff Louisiana Corral Management ("LCM").[1] Defendant Axis Surplus Insurance Company ("Axis") opposes[2] the motion. For the reasons that follow, the Court denies the motion.

## I.  FACTUAL BACKGROUND

This is an insurance dispute. Axis insured LCM's property, which houses a Golden Corral restaurant. The property was damaged during Hurricane Ida.[3] As alleged in the complaint, LCM engaged a contractor to "rebuild" the premises.[4] The estimated "rebuild cost . . . includes a full remodel of the restaurant."[5] Axis tendered payment to LCM, but LCM contends that Axis has underpaid what is owed pursuant to the policy.[6]

---

[1] R. Doc. No. 107.
[2] R. Doc. No. 127.
[3] R. Doc. No. 1.
[4] *Id.* ¶ 14.
[5] *Id.*
[6] *Id.* ¶ 24.

As the Court has detailed extensively in prior opinions, LCM has no expert witnesses to opine as to what caused the damage for which it asserts it is owed payment. Put another way, LCM does not have an expert witness to offer testimony as to what portion of the "rebuild cost" is attributable to storm damage repair versus remodel and upgrade, or as to whether any of the repaired damage predated Hurricane Ida.

## II.   LAW & ANALYSIS

In the instant motion, LCM asserts that any arguments regarding causation should be excluded because Axis has "conceded to causation [and] do[es] not have a causation expert."[7] In the alternative, LCM requests that the trial be "continued so that it may do discovery on [d]efendant's newly found causation argument."[8]

Axis has offered causation testimony from Charles Allison ("Allison"), and LCM has filed a motion to strike or, in the alternative, exclude Allison's report.[9] LCM's claim that Axis does not have a causation expert is therefore both puzzling and incorrect.

LCM's assertion that Axis has conceded causation borders on the absurd. In its opposition to the instant motion, Axis notes the many means by which LCM has been put on notice of the dispute as to causation: Axis' estimate of the damage, provided to plaintiff in April of 2022, which directly contradicts LCM's estimate; Axis' answer, filed on August 25, 2022, which denies the allegation that the payment Axis

---

[7] R. Doc. No. 107-1, at 1.
[8] *Id.* at 2.
[9] R. Doc. No. 72.

has already tendered is inadequate to cover the loss[10] and states that Axis "affirmatively pleads that certain damages sought by [p]laintiff were or may have been caused by a prior or subsequent loss"[11]; Axis' October 24, 2022 status report, which states that "[t]he main factual issues within the case are the extent to which damage was sustained and amounts owed as a result of the storm"[12]; and Axis' proposed pretrial order, filed January 27, 2023, which reiterates the same position.[13] Additionally, Allison was designated as an expert witness on Axis' witness and exhibit list, filed on December 2, 2022, the same day that Axis' expert reports were disclosed.[14] If LCM was unaware of the dispute regarding causation of its damages, it is only because its counsel failed to read Axis' filings.[15]

LCM asserts that both Allison and Zachary Milner ("Milner"), another of Axis' witnesses, attributed the cause of the damage to Hurricane Ida, and that Axis' claim file does the same. This is true only to a point. Axis agrees that some of the damage

---

[10] R. Doc. No. 6, ¶ 20.
[11] *Id.* at 5 (Twenty-Fourth Affirmative Defense).
[12] R. Doc. No. 20, at 2.
[13] R. Doc. No. 69, at 5.
[14] R. Doc. No. 28 (Axis' witness and exhibit list); R. Doc. No. 13, at 2.
[15] LCM's assertion that Axis has conceded causation because it did not amend its answer after the Court's pretrial conference has no merit. The Court did order Axis to amend its answer, but that order related to the offset issue, which is addressed in other motions pending before the Court. Moreover, after that order was issued, counsel for Axis contacted the Court and correctly pointed out that it had pleaded an affirmative defense of offset in its original answer, and that the Court's order to amend the answer with regard to offset was therefore moot.

caused to the building was caused by the hurricane. Axis' position in this litigation, however, is that it has already paid what was owed for that damage.[16]

Finally, the Court notes that it is the plaintiff's burden "to establish that any uncompensated (or under-compensated) damage was caused by a covered peril." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 358 (5th Cir. 2010); *accord GeoVera Specialty Ins. Co. v. Joachin*, 964 F.3d 390, 393 (5th Cir. 2020) ("Consistent with general insurance principles, Louisiana [law] requires the insured to first prove coverage, after which the insurer can show that an exclusion applies." (citing *Bayle*, 615 F.3d at 358–59)); *Rosenthal v. Allstate Prop. & Cas. Ins. Co.*, No. 16-13732, 2017 WL 1399602, at *3 (E.D. La. Apr. 19, 2017) (Barbier, J.) (citing *Bayle*, 615 F.3d at 358). LCM cannot escape this burden by attempting to exclude all evidence related to an essential element of its case.

LCM closes its motion by requesting that the trial be continued if its motion to exclude causation testimony is denied. Such requests are governed by Federal Rule of Civil Procedure 16(b), which states that a scheduling order can be modified only for "good cause." LCM cannot establish good cause for a continuance because it cannot "show that the deadlines [sought to be extended] cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Of late, LCM has filed several motions

---

[16] R. Doc. No. 127, at 2 ("AXIS concedes the monies [already] paid to Plaintiff were for damages caused by Hurricane Ida, but AXIS does not concede causation as to the additional damages sought by Plaintiff (i.e. the remodel, upgrades, and repair of the restaurant).").

requesting continuances, extensions, and even a stay pending appraisal, all apparently premised on a belated realization that it needs to prove causation in order to prevail in this matter. Despite plaintiff's counsels' best efforts to blame the shortcomings of its case on the Court and opposing counsel, the record in this matter shows that LCM has been aware or should have been aware of the causation issue from the very inception of this litigation. LCM's request for a continuance will therefore be denied.

### III.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that LCM's motion to exclude causation testimony is **DENIED**.

New Orleans, Louisiana, February 24, 2023.

                                                       _____
                                                                    **LANCE M. AFRICK**
                                                       **UNITED STATES DISTRICT JUDGE**