UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA CORRAL MANAGEMENT, LLC | CIVIL ACTION |
| VERSUS | No. 22-2398 |
| AXIS SURPLUS INSURANCE COMPANY | SECTION I |

## ORDER & REASONS

Before the Court is a motion, filed by plaintiff Louisiana Corral Management ("LCM"), "to strike the expert report of Charles M. Allison and/or in the alternative, motion *in limine* to exclude the expert report of Charles M. Allison."[1] Defendant Axis Surplus Insurance Company ("Axis") opposes the motion.[2] Also before the Court is Axis' motion[3] to strike plaintiff's motion. LCM opposes that motion.[4]  For the reasons that follow, the Court denies LCM's motion to strike and dismisses Axis' motion to strike LCM's motion as moot.

### I.   FACTUAL BACKGROUND

The Court assumes familiarity with the facts giving rise to this matter. Axis insured LCM's property, which was damaged during Hurricane Ida.[5] LCM alleges that Axis has underpaid for that damage.[6] Axis designated Charles M. Allison ("Allison") as an expert witness and timely disclosed the required reports. Allison is

---

[1] R. Doc. No. 72.
[2] R. Doc. No. 130.
[3] R. Doc. No. 86.
[4] R. Doc. No. 95.
[5] R. Doc. No. 1.
[6] *Id.*

"the Area Lead manager for J.S. Held's Central & North Florida region" and "has more than 30 years of industry experience, with an extensive background in home building, commercial and residential construction and development, and claims management."[7]

Allison provided two reports in this matter. In the first, Allison "provide[s] a detailed analysis of the repair proposal submitted by White Tree Group," LCM's contractor.[8] In the second, Allison "provide[s] a detailed analysis of the water mitigation invoice submitted by CAT 5 PRO, the pack-out invoice submitted by CAT 5 PRO, and the 'Golden Corral New Equipment List' provided by [LCM]."[9] LCM argues that these reports should be stricken or excluded.

## II.   LAW & ANALYSIS

### a.  Motion to Strike

LCM asserts that "Allison's reports should be stricken for [their] faulty methodology."[10] This request relies on Federal Rule of Civil Procedure 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By its terms, Rule 12(f) is not an appropriate vehicle for LCM's request because expert reports are not pleadings. *See* Fed. R. Civ. P. 7(a) (defining "pleadings"). Plaintiff correctly notes that courts sometimes "treat [procedurally improper] motions to strike as motions to

---

[7] R. Doc. No. 72-4, at 1.
[8] R. Doc. No. 72-5.
[9] R. Doc. No. 72-6.
[10] R. Doc. No. 72-3, at 7.

determine the admissibility of evidence." *Xavier v. Belfor USA Grp.*, Nos. 06-491, 06-7084, 2008 WL 4862533, at *1 (E.D. La. Sept. 23, 2008) (Zainey, J.). In order to "determine the admissibility" of Allison's reports, the Court would necessarily have to apply the *Daubert* standard applicable to motions *in limine* to exclude expert testimony. LCM's "motion to strike" is therefore simply a *Daubert* motion in (ineffective) disguise.

### b.  The *Daubert* Arguments Are Untimely

This Court's scheduling order required that all motions *in limine* regarding expert testimony be filed in sufficient time to permit hearing thereon no later than January 11, 2023.[11] LCM filed the instant motion on January 29, 2023, and set it for submission on February 22, 2023. LCM attributes its tardiness to Axis allegedly "tactically delay[ing] the scheduling of depositions in this matter."[12] LCM's counsel alleges that they contacted Axis' counsel on November 7, 2022, and that "[c]ounsel for Axis[ ] replied that they had no time the entire month of December and stated that the earliest day for a deposition of its 30(b)(6) representative would be January of 2023."[13]

Axis argues that this characterization is "inaccurate," but does not explain how it is so. Axis also points out, however, that counsel for LCM did not request to depose Allison until January 12, 2023—*after* the deadline for *Daubert* motions had already

---

[11] R. Doc. No. 13, at 1.
[12] R. Doc. No. 72-3, at 1.
[13] *Id.* at 2. The Court notes that Allison is an expert witness, not Axis' 30(b)(6) representative.

passed.[14] Plaintiff then deposed Allison on January 26, 2023. LCM does not explain its delay in requesting Allison's deposition.

The Court also notes that LCM does not dispute that it was provided with Allison's reports on December 1, 2022. Some of LCM's complaints about the reports are visible on the face of the reports: for example, LCM argues that "Allison's report solely compares the estimate of his employee to that of White Tree Group without offering any of his own estimates of the property or determination. Allison does not provide any explanation of the investigation performed, specific sources of information he relied on, or what methodology he employed to reach his conclusions."[15] The bases for these objections are plain from the face of the report,[16] and it is not clear why LCM needed to depose Allison in order to identify them. The deposition may well have revealed additional grounds for a *Daubert* motion, but the assertion that the deposition was the first time that LCM's counsel was alerted to potential deficiencies is doubtful.

Courts regularly decline to address the merits of late-filed *Daubert* motions. *Hanna v. Great Plains Trucking, Inc.*, No. 19-1386, 2020 WL 13430039, at *1 (N.D. Tex. July 24, 2020) (refusing to consider an untimely *Daubert* motion, and rejecting the explanation that the parties "were unable to comply with the *Daubert* motion

---

[14] R. Doc. No. 86-1, at 4 n.18.

[15] R. Doc. No. 72-3, at 9.

[16] For example, the first report states, "We have compared J.S. Held's detailed estimate . . . and White Tree Group's proposal for storm damage repairs[.]" R. Doc. No. 72-5, at 1. Both reports contain minimal statements of methodology, and both state that they relied on either the White Tree Group estimate or the CAT 5 Pro water mitigation invoice. *See* R. Doc. No. 72-6.

deadline because they agreed to extend discovery and did not learn of the grounds to exclude [the expert's] testimony until his" deposition because "by not seeking to extend the *Daubert* motion deadline along with the discovery deadline, Defendants assumed the risk that they would not be able to challenge Plaintiffs' experts with discovery obtained after the *Daubert* motion deadline"); *Koch Foods, Inc. v. Pate Dawson Co., Inc.*, No. 16-355, 2018 WL 651371, at *3 (S.D. Miss. Jan. 31, 2018) ("The Court need not consider untimely-filed *Daubert* challenges."); *Bedingfield v. Deen*, No. 09-369, 2011 WL 2712950, at *1 (W.D. La. July 8, 2011) (declining to consider late-filed *Daubert* motion).

The Court is not obliged to consider the merits of LCM's late-filed *Daubert* motion. However, it notes that many of LCM's objections relate to the bases for Allison's opinions. For example, LCM objects that he "did not perform a physical inspection of the Golden Corral," that he "did not create the Xactimate for J.S. Held," that his opinions might change if offered additional information, that "[h]e does not know what the Golden Corral looked like before the storm," and that "[h]e does not know if [the light fixtures] got wet."[17] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for [the fact finder's] consideration." *United States v. Ryan*, No. 20-65, 2022 WL 17844626, at *1 (E.D. La. Dec. 22, 2022) (Fallon, J.) (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (further citations omitted) (alteration in *Ryan*). Accordingly, the Court

---

[17] R. Doc. No. 72-3, at 2–3.

concludes that LCM's objections to Allison's report may be properly raised via cross examination at trial.

Axis' motion to strike is, in effect, an opposition to LCM's motion. It raises challenges to LCM's motion's timeliness and reliance on Rule 12(f). The Court has addressed these challenges above. Because the Court denies LCM's motion, Axis' motion will be dismissed as moot.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that LCM's motion to strike or exclude the expert report of Allison is **DENIED**.

**IT IS FURTHER ORDERED** that Axis' motion to strike LCM's motion to strike the expert report of Allison is **DISMISSED AS MOOT**.

New Orleans, Louisiana, February 27, 2023.

 

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**